TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN








NO. 03-04-00413-CV






In the Matter of A. B.








FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT

NO. J-22,413, HONORABLE ALLISON BENESCH, JUDGE PRESIDING





M E M O R A N D U M O P I N I O N




 A.B. appeals from his adjudication as a delinquent based on the offense of criminal
trespass. See Tex. Pen. Code Ann. § 30.05 (West Supp. 2004-05). In his only issue, A.B. contends
that the district court erred by denying his plea to the jurisdiction. We affirm the district court's
decision.

 A.B. stipulated that he intentionally and knowingly entered the premises of a junior
high school on March 23, 2004, without permission from its principal, and after having prior notice
that entry was forbidden. The State charged A.B. with criminal trespass. See Tex. Pen. Code Ann.
§ 30.05 (West Supp. 2004-05). The district court held an adjudication hearing, where A.B. filed a
plea to the jurisdiction and moved for dismissal. The district court denied A.B.'s motion. After a
trial on the merits, the district court found that A.B. had committed criminal trespass, adjudicated
him delinquent, and placed him on probation in his mother's custody for nine months.

 In his sole issue on appeal, A.B. contends that the district court erred in denying his
plea to the jurisdiction. A plea to the jurisdiction challenges the district court's authority to hear a
case. Bland Indep. Sch. Dist. v. Blue, 34 S.W.3d 547, 554 (Tex. 2000). Because a challenge to
subject matter jurisdiction poses a question of law, we review de novo the denial of a plea to the
jurisdiction. Texas Dep't of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 228 (Tex. 2004).

 A.B. argues that the district court lacked jurisdiction over him because he should have
been charged under a more specific statute with a less severe punishment range. Compare Tex.
Educ. Code Ann. § 37.107 (West 1996) (defining trespass on school grounds as a Class C
misdemeanor), with Tex. Pen. Code Ann. § 30.05 (West Supp. 2005) (defining criminal trespass as 
Class B misdemeanor). A.B. reasons that criminal trespass under the penal code and trespass on
school grounds under the education code are in pari materia. Because the doctrine of in pari
materia requires that the special provision prevail over the general, A.B. urges that the State was
required to charge him under the special statute for trespass on school grounds. The district court
does not have jurisdiction over a charge of trespass on school grounds. See Tex. Fam. Code Ann.
§ 51.04(a) (West 2002). 

 Statutes are in pari materia if, among other things, they have the same object or
purpose. Cheney v. State, 755 S.W.2d 123, 126 (Tex. Crim. App. 1988). Statutes in pari materia
are construed together, if possible, to give effect to both. Tex. Gov't Code Ann. § 311.026 (West
1998); Cheney, 755 S.W.2d at 127. Alternatively, if the statutes are irreconcilable, then the specific
statute prevails over the general statute. Tex. Gov't Code Ann. § 311.026; Cheney, 755 S.W.2d at
127.

 This court recently addressed the issue of whether the education code trespass
provision is in pari materia with the penal code criminal trespass provision. In the Matter of J.M.R.,
149 S.W.3d 289 (Tex. App.--Austin 2004, no pet. h.). In J.M.R. we held that these statutes are not
in pari materia, that the State could charge the juvenile under either statute, and that the district court
had jurisdiction over the allegation of criminal trespass against the juvenile. Id. at 291. Because
J.M.R. is indistinguishable from the instant case, it controls, and the district court did not err by
denying A.B.'s plea on the jurisdiction.

 We affirm the judgment of the district court.



 __________________________________________

 Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: June 16, 2005