# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-04-00413-CV

**In the Matter of A. B.**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT
NO. J-22,413, HONORABLE ALLISON BENESCH, JUDGE PRESIDING**

# M E M O R A N D U M   O P I N I O N

A.B. appeals from his adjudication as a delinquent based on the offense of criminal trespass. *See* Tex. Pen. Code Ann. § 30.05 (West Supp. 2004-05). In his only issue, A.B. contends that the district court erred by denying his plea to the jurisdiction. We affirm the district court's decision.

A.B. stipulated that he intentionally and knowingly entered the premises of a junior high school on March 23, 2004, without permission from its principal, and after having prior notice that entry was forbidden. The State charged A.B. with criminal trespass. *See* Tex. Pen. Code Ann. § 30.05 (West Supp. 2004-05). The district court held an adjudication hearing, where A.B. filed a plea to the jurisdiction and moved for dismissal. The district court denied A.B.'s motion. After a trial on the merits, the district court found that A.B. had committed criminal trespass, adjudicated him delinquent, and placed him on probation in his mother's custody for nine months.

In his sole issue on appeal, A.B. contends that the district court erred in denying his plea to the jurisdiction. A plea to the jurisdiction challenges the district court's authority to hear a case. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000). Because a challenge to subject matter jurisdiction poses a question of law, we review *de novo* the denial of a plea to the jurisdiction. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 228 (Tex. 2004).

A.B. argues that the district court lacked jurisdiction over him because he should have been charged under a more specific statute with a less severe punishment range. *Compare* Tex. Educ. Code Ann. § 37.107 (West 1996) (defining trespass on school grounds as a Class C misdemeanor), *with* Tex. Pen. Code Ann. § 30.05 (West Supp. 2005) (defining criminal trespass as Class B misdemeanor). A.B. reasons that criminal trespass under the penal code and trespass on school grounds under the education code are *in pari materia*. Because the doctrine of *in pari materia* requires that the special provision prevail over the general, A.B. urges that the State was required to charge him under the special statute for trespass on school grounds. The district court does not have jurisdiction over a charge of trespass on school grounds. *See* Tex. Fam. Code Ann. § 51.04(a) (West 2002).

Statutes are *in pari materia* if, among other things, they have the same object or purpose. *Cheney v. State*, 755 S.W.2d 123, 126 (Tex. Crim. App. 1988). Statutes *in pari materia* are construed together, if possible, to give effect to both. Tex. Gov't Code Ann. § 311.026 (West 1998); *Cheney*, 755 S.W.2d at 127. Alternatively, if the statutes are irreconcilable, then the specific statute prevails over the general statute. Tex. Gov't Code Ann. § 311.026; *Cheney*, 755 S.W.2d at 127.

This court recently addressed the issue of whether the education code trespass provision is *in pari materia* with the penal code criminal trespass provision. *In the Matter of J.M.R.*, 149 S.W.3d 289 (Tex. App.—Austin 2004, no pet. h.). In *J.M.R.* we held that these statutes are not *in pari materia*, that the State could charge the juvenile under either statute, and that the district court had jurisdiction over the allegation of criminal trespass against the juvenile. *Id.* at 291. Because *J.M.R.* is indistinguishable from the instant case, it controls, and the district court did not err by denying A.B.'s plea on the jurisdiction.

We affirm the judgment of the district court.

_____

Jan P. Patterson, Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed: June 16, 2005

3