# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-04-00484-CV

**In the Matter of J. B.**

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 98TH JUDICIAL DISTRICT NO. J-24,643, HONORABLE LEONARD RAY SAENZ, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

J.B. appeals from his adjudication as delinquent based on the offense of criminal trespass. *See* Tex. Pen. Code Ann. § 30.05 (West Supp. 2005). J.B. filed a plea to the jurisdiction and motion to dismiss the petition based on the argument that he should have been charged with the more specific offense of trespass on school grounds, a Class C misdemeanor over which the district court lacked jurisdiction. *See* Tex. Educ. Code Ann. § 37.107 (West 1996). The trial court overruled the plea to the jurisdiction. Pursuant to a written plea agreement, appellant stipulated to commission of the offense of criminal trespass and was placed on in-home probation for six months. We affirm the trial court's judgment.

In a case squarely on point, this Court has overruled the same contention. *See In re J.M.R.*, 149 S.W.3d 289, 294-95 (Tex. App.—Austin 2004, no pet.). This Court held that the criminal trespass statute and the school trespass statute were not *in pari materia*, that the State could charge the juvenile under either statute, and that the district court had jurisdiction over the allegation

of criminal trespass against the juvenile.  *Id*; *In re M.A.L.*, No. 03-04-00247-CV, 2005 Tex. App. LEXIS 5509, at *2 (Tex. App.—Austin July 13, 2005) (mem. op.); *In re K.M.*, No. 03-04-00315-CV, at *1-2  (Tex. App.—Austin June 17, 2005, no pet.) (mem. op.).  Accordingly, we affirm the judgment of the district court.

 

 

_____

W. Kenneth Law, Chief Justice

Before Chief Justice Law, Justices Patterson and Puryear

Affirmed

Filed:  May 12, 2006