# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-11-00735-CV

**Texas State Board of Chiropractic Examiners, Appellant**

**v.**

**Greg Abbott, Attorney General of the State of Texas, Appellee**

## FROM THE DISTRICT COURT OF TRAVIS COUNTY, 201ST JUDICIAL DISTRICT NO. D-1-GN-10-002867, HONORABLE AMY CLARK MEACHUM, JUDGE PRESIDING

## O P I N I O N

The Texas State Board of Chiropractic Examiners ("the Board") sued Greg Abbott, Attorney General of the State of Texas, seeking a declaration that certain documents in the Board's possession are exempt from the disclosure requirements of the Texas Public Information Act ("PIA"). *See* Tex. Gov't Code Ann. §§ 552.001-.353 (West 2012). The trial court rendered summary judgment that the documents were not exempt, such that disclosure was required. On appeal, the Board challenges that ruling as an incorrect reading of the PIA. We will reverse the trial court's judgment and render judgment that the documents in question are exempt.

### FACTUAL AND PROCEDURAL BACKGROUND

The Board received a request pursuant to the PIA for certain chiropractic records pertaining to the requestor that were in the Board's possession. The records sought were part of the Board's investigation file relating to its investigation of a complaint about a chiropractor. *See* Tex.

Occ. Code Ann. § 201.205 (West 2012) (general rules regarding investigation of complaint filed with board). The Board withheld the medical records on the ground that they were excepted from disclosure under PIA section 552.101, which provides that "[i]nformation is excepted from the requirements of Section 552.021 [that public information must be made available to the public] if it is information considered to be confidential by law, either constitutional, statutory, or by judicial decision." Tex. Gov't Code Ann. § 552.101. The Board asserted that because the medical records were contained in its investigation file, section 201.206 of the occupations code made them "confidential by law." *See* Tex. Occ. Code Ann. § 201.206(a) (West 2012) ("The board's investigation files are confidential, privileged, and not subject to discovery, subpoena, or any other means of legal compulsion for release other than to the board or an employee or agent of the board.").

In conjunction with its conclusion to withhold the records, the Board sought a decision from the Attorney General's Open Records Division ("the ORD") that the medical records at issue fell within the confidentiality exception in government code section 552.101. *See* Tex. Gov't Code Ann. § 552.301 (governmental body that receives written request for information it wishes to withhold under section 552.101 must ask for decision from attorney general about whether information is within that exception). The ORD's letter decision noted that the records at issue were generally confidential under occupations code section 201.206(a). *See* Tex. Att'y Gen. OR2010-10867. However, the ORD also opined that because occupations code sections 201.404 and 201.405 provide a patient a right of access to his or her own chiropractic records, there was a conflict between section 201.206(a) and sections 201.404 and 201.405. Applying code

2

construction act section 311.026(b), the ORD concluded that sections 201.404 and 201.405 constituted "specific provisions" and therefore prevailed as an exception to section 201.206(a), which it described as a "general provision." *See* Tex. Gov't Code Ann. § 311.026(b) (West 2005) ("If the conflict between the general provision and the special or local provision is irreconcilable, the special or local provision prevails as an exception to the general provision . . . ."). Consequently, the ORD determined that the records at issue were excepted from the investigation-file privilege the Board relied on to withhold them and must be released to the requestor if he provided the Board with a proper written consent. *See* Tex. Att'y Gen. OR2010-10867.

The Board then timely filed suit against the Attorney General seeking to withhold the records from the requestor. *See* Tex. Gov't Code Ann. § 552.324 (governmental body may file suit against attorney general seeking declaratory relief from attorney general opinion issued under section 552.301). The Attorney General answered and requested that the district court render judgment declaring that the information must be disclosed to the requestor. The Board and the Attorney General filed cross-motions for summary judgment; the district court granted the Attorney General's motion and denied the Board's. The Board perfected this appeal.

## STANDARD OF REVIEW

We review the district court's granting of a summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). A party moving for summary judgment must demonstrate that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. Tex. R. Civ. P. 166a(c); *see also Provident Life & Accident Ins. Co. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). When both sides move for summary judgment and the trial court

grants one motion and denies the other, the reviewing court should review the summary judgment evidence presented by both sides, determine all questions presented, and render the judgment the trial court should have rendered. *Texas Worker's Comp. Comm'n v. Patient Advocates*, 136 S.W.3d 643, 648 (Tex. 2004).

This appeal involves statutory construction, which presents questions of law that we review de novo. *Bragg v. Edward's Aquifer Auth.*, 71 S.W.3d 729, 734 (Tex. 2002); *Sanchez v. Texas State Bd. of Med. Exam'rs*, 229 S.W.3d 498, 512 (Tex. App.—Austin 2007, no pet.). In construing a statute, our task is to determine and give effect to the legislature's intent. *Texas Dep't of Protective & Regulatory Servs. v. Mega Child Care, Inc.*, 145 S.W.3d 170, 176 (Tex. 2006); *National Liab. & Fire Ins. Co. v. Allen*, 15 S.W.3d 525, 527 (Tex. 2000); *see also* Tex. Gov't Code Ann. § 312.005 (West 2005) ("In interpreting a statute, a court shall diligently attempt to ascertain legislative intent and shall consider at all times the old law, the evil, and the remedy."). We ascertain that intent "first and foremost" from the statute's language as written. *Sanchez*, 229 S.W.3d at 512. We consider the statute as a whole, not as isolated individual provisions, and we do not give one provision a meaning out of harmony or inconsistent with other provisions, even though it might be susceptible to such a construction standing alone. *See Texas Dep't of Transp. v. Needham*, 82 S.W.3d 314, 318 (Tex. 2002). In determining legislative intent, we may also consider the consequences of a particular construction. *See* Tex. Gov't Code Ann. § 311.023 (West 2005); *City of Austin v. Southwestern Bell Tel. Co.*, 92 S.W.3d 434, 442 (Tex. 2002).

4

**DISCUSSION**

Under the PIA, information that is "collected, assembled or maintained . . . in connection with the transaction of official business" by a governmental body is "public information." Tex. Gov't Code Ann. § 552.002(a)(1). The PIA requires that "public information is available to the public at a minimum during the normal business hours of the governmental body." *Id.* § 552.021. However, "information is excepted from the requirements of section 552.021 if it is information considered confidential by law, either constitutional, statutory, or by judicial decision." *Id.* § 552.101. The PIA is to be liberally construed in favor of granting requests for information. *Id.* § 552.001(b). Exceptions to the disclosure requirement of the PIA are narrowly construed. *Arlington Indep. Sch. Dist. v. Texas Att'y General*, 37 S.W.3d 152, 157 (Tex. App.—Austin 2001, no pet.).

Here, the Board contends that the requested chiropractic records are part of an investigation file and are therefore excepted from disclosure because they are expressly made confidential by section 201.206 of the occupations code, which protects from "discovery, subpoena, or any other means of legal compulsion" the contents of the Board's investigation files. *See* Tex. Occ. Code Ann. § 201.206(a).[1]

While acknowledging that such an exception exists for the contents of the Board's investigation files, the Attorney General nonetheless argues that two separate provisions in

_____

[1] Chapter 201 contains the occupations code provisions dealing with the practice of chiropractic, including defining the scope of practice, setting forth licensing requirements, providing for patient confidentiality, and identifying the powers and duties of the Board. *See* Tex. Occ. Code Ann. §§ 201.001-201.606 (West 2012).

5

chapter 201—occupations code sections 201.404 and 201.405—grant a requestor the right to compel the Board to disclose the contents of its investigation file to the extent the file includes the requestor's own records. The Attorney General reaches this conclusion by employing code construction act section 311.026(b), which provides that "[i]f the conflict between the general provision and the special or local provision is irreconcilable, the special or local provision prevails as an exception to the general provision, unless the general provision is the later enactment and the manifest intent is that the general provision prevail." Tex. Gov't Code Ann. § 311.026(b). Section 311.026(b) codified the common-law doctrine of *in pari materia. See Burke v. State*, 28 S.W.3d 545, 547 (Tex. Crim. App. 2000); *Carlson v. City of Houston*, 309 S.W.3d 579, 586 (Tex. App.—Houston [14th Dist.] 2010, no pet.).[2] The Attorney General asserts that sections 201.404 and 201.405 together act as a "special provision" that grants to a chiropractic patient the right of access to his chiropractic records which, by application of code construction act section 311.026(b), creates an exception to the allegedly conflicting "general provision" of section 201.206 that provides that the Board's investigation files are confidential and not subject to any means of legal compulsion for release.

The Board counters that sections 201.404 and 201.405 of the occupations code do not create any such "right of access" or exception to the Board's investigation-file privilege. The Board argues that section 201.404 permits certain disclosures of otherwise confidential chiropractic records

---

[2] We note that code construction act section 311.026(a) directs that "[i]f a general provision conflicts with a special or local provision, the provisions shall be construed, if possible, so that effect is given to both." *See* Tex. Gov't Code Ann. § 311.026(a) (West 2005). Only if the conflict is "irreconcilable" does section 311.026(b) govern.

6

and chiropractor-patient communications, but does not require them. *See* Tex. Occ. Code Ann. § 201.404 (setting forth list of eight exceptions to patient confidentiality). The Board maintains that the only language mandating disclosure of a patient's chiropractic records appears in section 201.405(f) and requires disclosure only by the patient's chiropractor and not by the Board. *See id.* § 201.405(f) ("A chiropractor shall furnish copies of chiropractic records or a summary or narrative of the records requested under a written consent for release of the information.").

The Attorney General's argument depends on the application of code construction act section 311.026(b). The rule of construction contained in that section applies only when statutes are *in pari materia*, meaning they share a common purpose or object. *DLB Architects, P.C. v. Weaver*, 305 S.W.3d 407, 410 (Tex. App.—Dallas 2010, pet. denied) (principle of *in pari materia* is limited to two provisions enacted with same purpose in mind); *Howlett v. Tarrant Cnty.*, 301 S.W.3d 840, 846 (Tex. App.—Fort Worth 2009, pet. denied) (rule of construction contained in government code section 311.026(b) applies only if two statutes share common purpose or object); *Strickland v. State*, 193 S.W.3d 662, 666 (Tex. App.—Fort Worth 2006, pet. ref'd). For two statutes to be *in pari materia*, they must have been enacted with the same purpose in mind. *Burke*, 28 S.W.3d at 547. Similarity of purpose or object is the most important factor in determining whether two statutes are *in pari materia*, i.e., whether they are "closely enough related to justify interpreting one in light of the other." *Id.* (quoting *Alejos v. State*, 555 S.W.2d 444, 450 (Tex. Crim. App. 1977) (op. on reh'g)). To determine whether two statutes share a common purpose, courts consider whether the two statutes were clearly written to achieve the same objective. *In re J.M.R.*, 149 S.W.3d 289, 292 (Tex. App.—Austin 2004, no pet.). "The adventitious occurrence of like or

similar phrases, or even of similar subject matter, in laws enacted for wholly different ends will not justify applying the doctrine." *Id.* The fact that the statutes could possibly cover the same person and the same property does not by itself warrant an *in pari materia* construction. *Cullen v. State*, 832 S.W.2d 788, 792 (Tex. App.—Austin 1992, pet. ref'd).

Sections 201.404 and 201.405 are part of chapter 201, subchapter I, which addresses patient confidentiality. Section 201.402, the core provision of subchapter I, provides that communications between a chiropractor and his patient relating to professional services provided, as well as the patient's chiropractic records, are "confidential, and privileged and may not be disclosed except as provided by this subchapter." Tex. Occ. Code Ann. § 201.402. Section 201.404 sets forth a list of eight exceptions to patient confidentiality, one of which permits the release of confidential chiropractic records[3] to "any person who possesses a written consent described by Section 201.405." *Id.* § 201.404(5). The exceptions to confidentiality recognized by section 201.404 are expressly noted as "exceptions to Section 201.402." *Id.* Section 201.405 sets forth the requirements of the consent exception recognized in section 201.404(5), including that it be in writing and signed by the patient or other authorized person and that it specify the records covered by the release, the purpose for the release, and the person to whom the information is to be released. *Id*. § 201.405. This section mandates that upon receipt of proper consent, a chiropractor "shall" furnish copies of the requested records. *Id.* These provisions were enacted for the purpose of

---

[3] "Chiropractic records" are defined as "any record relating to the history, diagnosis, treatment, or prognosis of a patient." Tex. Occ. Code Ann. § 201.405(a) (West 2012).

permitting a patient (or his designee) to obtain his otherwise confidential chiropractic records.[4] It is evident, therefore, that the purpose of subchapter I is to ensure the confidentiality of a patient's chiropractic records by preventing their disclosure except in the limited circumstances identified as "exceptions" to that confidentiality.

Section 201.206, by contrast, was enacted for a different purpose: to make the Board's investigation files confidential and privileged and not subject to inspection by members of the public in general or the chiropractor under investigation in particular. The Senate Bill Analysis states:

> Currently, Chapter 201, Occupations Code, does not provide specific guidelines regarding the public's access to files for open investigations of licensed chiropractors. A license holder is therefore able, either solely or through the license holder's attorney, to request and receive for review the information obtained about the license holder's case while an investigation of the license holder is underway . . . . As proposed, S.B. 211 would limit public access to certain board records even for certain legal actions during the course of a license holder investigation. S.B. 211 would not prevent the public from obtaining such records once an investigation has been completed.

Senate Research Committee, Bill Analysis, Tex. S.B. 211, 78th Leg., R.S. (2003). Like similar investigative-privilege provisions, section 201.206 was designed to protect the integrity of the Board's regulatory process. *See Abbott v. Texas State Bd. of Pharm.*, No. 03-11-00481-CV, ___ S.W.3d ___, 2012 WL 5974080 (Tex. App.—Austin Nov. 21, 2012, no pet.) (holding that

---

[4] We do not mean to suggest that a chiropractic patient would not have a right to obtain his own records from his chiropractor in the absence of this statute. This Court has previously held that a former patient has a common-law right to inspect his own medical records. *See Hutchins v. Texas Rehab. Comm'n*, 544 S.W.2d 802, 803 (Tex. Civ. App.—Austin 1976, no writ).

almost identical provision related to investigative-privilege provision covering investigation files of Texas State Board of Pharmacy was designed to protect integrity of regulatory process); *Pack v. Crossroads*, 53 S.W.3d 492, 504-05 (Tex. App.—Fort Worth 2001, pet. denied) (noting that almost identical investigative-privilege provision in health and safety code was designed to protect integrity of department of health regulatory process); *see also* Tex. Att'y Gen. OR95-011 (addressing investigation-file privilege afforded the Texas Department of Health and concluding that "[b]ecause section 142.009 [of the health and safety code] was designed to protect the integrity of the investigatory process of the Texas Department of Health, and not solely the privacy interests of individuals, an individual may not invoke section 552.023 to gain access to records made confidential under section 142.009(d) of the health and safety code").

Sections 201.404 and 201.405 and section 201.206 were not written to achieve the same objective and therefore do not share a common purpose. *See In re J.M.R.*, 149 S.W.3d at 292. Code construction act section 311.026(b) is not applicable to statutes that cover different situations and are not intended to be considered together. *Howlett*, 301 S.W.3d at 846. Because these statutes are not *in pari materia*, do not share a common purpose, and are not intended to be construed together, it follows that one provision could not be considered as controlling over the other or as creating an exception to it. We hold that code construction act section 311.026(b) does not apply in the present circumstances. Though sections 201.404 and 201.405 were certainly intended to create an exception to the patient confidentiality established by section 201.402, they were not intended to create an exception to the confidentiality afforded the Board's investigation files by section 201.206.

When statutes are ostensibly conflicting but are not *in pari materia*, rules of statutory construction other than section 311.026(b) will dictate whether there is truly an irreconcilable conflict and, if so, which statute controls. One of those rules requires us to presume that the legislature intended the entire statute to be fully effective, and we therefore attempt to reconcile and harmonize apparently conflicting provisions so that every enactment is given effect. *See* Tex. Gov't Code Ann. §§ 311.021(2), .026(a); *CenterPoint Energy Houston Elec., LLC v. Gulf Coast Coalition of Cities*, 263 S.W.3d 448, 461 (Tex. App.—Austin 2008), *aff'd sub nom. Texas Indus. Energy Consumers v. CenterPoint Energy Houston Elec., LLC*, 324 S.W.3d 95 (Tex. 2009). Doing so in this case leads us to conclude that sections 201.404 and 201.405 do not provide a "special right of access" that trumps the Board's right under 201.206 to withhold the contents of its privileged investigation file.

Construing sections 201.404 and 201.405 in this manner does not result in the chiropractic patient having no right to obtain information about himself from a governmental body. The PIA recognizes that individuals have a special interest in personal information that is held by a governmental body and provides those individuals with a special right of access to that information. *See* Tex. Gov't Code Ann. § 552.023(a) (person has special right of access, beyond right of general public, to information held by governmental body that relates to that person and that is protected from public disclosure by laws intended to protect that person's privacy interests). However, the right of access recognized by section 552.023 is not unlimited, as is made clear by the language of section 553.023(b):

11

> A governmental body may not deny access to information to the person . . . to whom the information relates on the grounds that the information is considered confidential by privacy principles under this chapter but may assert as grounds for denial of access *other provisions of this chapter or other law that are not intended to protect the person's privacy interests.*

*Id.* § 552.023(b) (emphasis added). Because the privilege asserted by the Board here is one intended to protect the integrity of the Board's regulatory process, rather than the requestor's privacy interests, section 552.023 does not prevent the Board from denying access to the requested information.

## CONCLUSION

The Board was not required to release the requestor's chiropractic records that were contained in an investigation file related to a complaint about a chiropractor licensed by the Board. We reverse the summary judgment in the Attorney General's favor and render judgment that the requested documents are exempt from mandatory disclosure under the PIA, such that the Board is not required to release to the requestor the chiropractic records contained in the Board's investigation file.

_____

J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Pemberton and Rose

Reversed and Rendered

Filed:   January 16, 2013