# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-12-00188-CV

**National Media Corporation and Anchor Equities, Ltd., Appellants**

**v.**

**City of Austin, Appellee**

**FROM THE DISTRICT COURT OF TRAVIS COUNTY, 345TH JUDICIAL DISTRICT
NO. D-1-GN-10-003997, HONORABLE LORA J. LIVINGSTON, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

National Media Corporation and Anchor Equities, Ltd. (together, National Media) appeal the trial court's order granting the City of Austin's motion for summary judgment. The suit concerns the denial of National Media's application for the registration of a sign. The parties are familiar with the facts and procedural history. Accordingly, we will not recite them here except as necessary to advise the parties of the court's decision and basic reasons for it. *See* Tex. R. App. P. 47.4. We will reverse the trial court's order and remand to the trial court for action consistent with this opinion.

### Standard of Review

When a party requests judicial review of a Board of Adjustment (Board) decision, it is asking the court to determine that the Board's decision was illegal, in whole or in part. *See* Tex. Loc. Gov't Code § 211.011(a). "The court may reverse or affirm, in whole or in part, or modify the decision that is appealed." *Id*. § 211.011(f). The legality of the Board's decision is a question

of law. *See Pearce v. City of Round Rock*, 78 S.W.3d 642, 646 (Tex. App.—Austin 2002, pet. denied). Thus, a reviewing court must determine whether the Board abused its discretion by acting "without reference to any guiding rules or principles of law." *Id.* (citing *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985)). The Board's "failure to correctly analyze or apply the law" is an abuse of discretion and constitutes an illegal decision. *See id.* (citing *Walker v. Packer*, 827 S.W.2d 833, 840 (Tex. 1992)). Because the legality of the Board's decision is a question of law, we address all questions presented in the cross-motions for summary judgment. *See Guynes v. Galveston Cnty.*, 861 S.W.2d 861, 862 (Tex. 1993).

**DISCUSSION**

In this appeal, National Media contends that the City acted arbitrarily or capriciously when it used Zoning Code provisions governing "abandonment of non-conforming use" to justify denying National Media's sign registration application. National Media argues that sign registration applications should only be governed by the Sign Regulations Code. Further, National Media argues that the Board abused its discretion when it affirmed the City's use of the Zoning Code provisions. National Media urges this court to give no deference to the Board's determination. The City argues that National Media failed to demonstrate that the Board's decision was illegal.[1]

We find that the City acted arbitrarily and capriciously when it applied the Zoning Code in its rejection of National Media's sign registration application. As this Court has previously stated, when determining whether an entity has acted arbitrarily or capriciously, "[t]he major factor

---

[1] The City also argues that National Media failed to properly preserve the issues argued on appeal. We disagree and thus proceed with a review of the substantive issues presented.

2

that runs throughout [the] . . . review . . . is that parties must be able to know what is expected of them in the administrative process." *Starr Cnty, v. Starr Indus. Servs., Inc.*, 584 S.W.2d 352, 356 (Tex. Civ. App.—Austin 1979, writ ref'd n.r.e.) (determining that Texas Water Quality Board acted arbitrarily and capriciously when it denied permit based on requirements that had not been previously proposed by Board). National Media could not have expected that the City would deny its registration application based upon the Zoning Code. Neither the language of the Sign Regulations Code nor any previous determinations by the City put National Media on notice that the Zoning Code applied.

Additionally, we find that the Board abused its discretion in affirming the City's determination. The City seems to argue the doctrine of *in pari materia* as it urges this Court to find that the Board correctly affirmed the use of the Zoning and Sign Regulations Codes. As this Court has previously noted, in an *in pari materia* analysis, the "most important factor . . . is similarity of object or purpose" between two statutes that do not specifically reference each other. *In re J.M.R.*, 149 S.W.3d 289, 291 (Tex. App.—Austin 2004, no pet.) (holding that sections of Penal Code and Education Code were not *in pari materia*). Specifically, "[s]tatutes are *in pari materia* if they touch upon the same subject, have the same general purpose, and relate to the same conduct." *Id.* at 292; *see also Texas State Bd. of Chiropractic Exam'rs v. Abbott*, 391 S.W.3d 343, 348-49 (Tex. App.—Austin 2013, no pet.). We find that the codes at issue here are not *in pari materia*. The Zoning Code regulates property use within the City's zoning jurisdiction in the categories of residential, commercial, industrial, civic, and agricultural use. *See* Austin, Tex., Zoning Code § 25-2 (1999). The Zoning Code makes no specific reference to the use and regulation of signs, which often do not fall neatly into one of the five categories described in the statute. The Sign

3

Regulations Code, however, is both specific and comprehensive in its regulation of signs, including the one at issue before us now. It is clear that the two codes do not touch upon the same subject, do not have the same general purpose, and do not relate to the same conduct. In the absence of a specific reference to signs in the Zoning Code, one could not reasonably conclude that there is a similarity of object or purpose between the Zoning and the Sign Regulations Codes.

To the extent that the City based its determinations on the belief that the Zoning Code was applicable to signs, we will engage in an analysis of the rules of statutory construction that are used to resolve conflicts between statutes. When statutes are in conflict, "it is the duty of the courts to resolve inconsistencies and effectuate the dominant legislative intent." *Texas Dep't of Pub. Safety v. Schaejbe*, 687 S.W.2d 727, 728 (Tex. 1985). The rules of statutory construction that allow courts to resolve inconsistencies require that we favor the use of specific ordinances over general ones. *See Texas Indus. Energy Consumers v. Centerpoint Energy Houston Elec., LLC*, 324 S.W.3d 95, 107 (Tex. 2010) (citing *Lexington Ins. Co. v. Strayhorn*, 209 S.W.3d 83, 86 (Tex. 2006)). As previously noted, the Sign Regulations Code is very specific in its application to signs. *See* Austin, Tex., Sign Regulations Code § 25-10-1 (1999). The Zoning Code, on the other hand, does not mention signs in any of its provisions. *See* Austin, Tex., Zoning Code § 25-2 (1999). Further, we must assume that more recently enacted ordinances control over older ones. *See* Tex. Gov't Code §§ 311.025(a), 312.014(a). The Sign Regulations Code was enacted in 1992 while the version of the Zoning Code that categorizes property uses—and describes non-conforming uses—was enacted in 1984. *See* Austin, Tex., Sign Regulations Code §§ 13-2-850–13-2-927 (1992) (current version at Austin, Tex., Sign Regulations Code § 25-10 (1999)); Austin, Tex., Zoning Code § 13-2A (1984) (current version

4

at Austin, Tex., Zoning Code § 25-2 (1999)).  Finally, we must assume that the legislative body had knowledge of all existing laws and crafted the ordinances accordingly.  *See Dugger v. Arredondo*, 408 S.W.3d 825, 835 (Tex. 2013).  Here we presume that the city council, having included an "abandonment of non-conforming use" provision in the Zoning Code, intentionally excluded a similar provision and any accompanying time limitations in the later-enacted Sign Regulations Code.  Accordingly, we hold that the Board clearly abused its discretion when it affirmed the City's use of the Zoning Code's abandonment provisions in its denial of National Media's sign registration application.

Because the City applied the wrong ordinance in its determination and the Board upheld that improper use, we need not discuss in depth whether deference should be given to either entity—we will not defer to the City or the Board when the law they are interpreting is inapplicable. The Texas Supreme Court has held that some deference may be given to an agency's interpretation of a statute when that interpretation is reasonable and the statute is ambiguous.  *See Feiss v. State Farm Lloyds*, 202 S.W.3d 744, 747-48 (Tex. 2006).  Inherent in that standard is the idea that the statute being interpreted applies to the question at hand.  We find that in this case the Zoning Code is simply inapplicable.

## CONCLUSION

The Board's decision to affirm the City's determination was illegal.  We reverse the trial court's order and remand the cause to the trial court for action consistent with this opinion.

5

_____

David Puryear, Justice

Before Chief Justice Jones, Justices Puryear and Goodwin

Reversed and Remanded

Filed: August 27, 2014