# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-13-00546-CV

Ken Paxton[1], Attorney General of the State of Texas, Appellant

v.

City of Dallas, Appellee

FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT
NO. D-1-GV-12-000861, HONORABLE GISELA D. TRIANA, JUDGE PRESIDING

MEMORANDUM OPINION

The Attorney General appeals from the trial court's summary judgment declaring that the birth dates of certain members of the general public, contained in documents that were sought from the City of Dallas under the Texas Public Information Act (the PIA), are "confidential by law" and thus excepted from disclosure under section 552.101 of the PIA. *See* Tex. Gov't Code §§ 552.001-.353. For the reasons that follow, we will affirm the trial court's grant of summary judgment in favor of the City.

---

[1] This suit was originally brought against Greg Abbott, the former Attorney General of Texas. We automatically substitute the name of the successor to this office, Ken Paxton. *See* Tex. R. App. P. 7.2(a).

## BACKGROUND

In 2012, the City of Dallas received several unrelated requests for information under the PIA.[2] In each case, documents responsive to the request included the birthdates of certain members of the public, and the City sought to exclude the date-of-birth information through redaction. As required by the PIA, the City requested letter rulings from the Attorney General as to whether the information was excepted from disclosure under the PIA. *See id.* § 552.301 (governmental body receiving request for information it seeks to withhold must request decision from attorney general regarding whether information falls within specified exception). The Attorney General rejected the City's arguments and, with respect to each request, issued a letter ruling concluding that the date-of-birth information is public information and that it must be released to the requestor. *See* Tex. Att'y Gen. OR2012-08790, OR2012-15272, OR2012-16856, OR2012-17521, OR2013-01218.

In response to the letter rulings, the City filed suit against the Attorney General seeking a declaration that it was not required to disclose the redacted date-of-birth information. *See* Tex. Gov't Code § 552.324 (authorizing suit by governmental body seeking to withhold information); *see also* Tex. Civ. Prac. & Rem. Code §§ 37.001-.011 (declaratory judgment act). Specifically, the City asserted that (1) date-of-birth information implicates common-law privacy interests, (2) the information is therefore considered "confidential by law," and (3) as a result, the information is excepted from disclosure under section 552.101 of the PIA. *See* Tex. Gov't Code

_____

[2] Generally, the requests are for (1) shoplifting-incident forms, (2) economic and community development loan applications, (3) safety policies and training manuals given to lifeguards and staff at one of the City's public parks, and (4) correspondence related to a specified case with the City's fair housing office. *See* Tex. Att'y Gen. OR2012-08790, OR2012-15272, OR2012-16856, OR2012-17521, OR2013-01218.

2

§ 552.101 (excepting from disclosure "information considered to be confidential by law, either constitutional, statutory, or by judicial decision"). Both the City and the Attorney General moved for summary judgment on the issue of whether the date-of-birth information is excepted from disclosure under section 552.101. The trial court granted the City's motion for summary judgment and denied the Attorney General's motion.

In a single issue appeal, the Attorney General argues that the trial court erred in granting the City's motion for summary judgment because birth dates of members of the general public are not protected by common-law privacy and therefore are not excepted from required disclosure under section 552.101 of the PIA.

## STANDARD OF REVIEW

We review summary judgment decisions de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Texas State Bd. of Chiropractic Exam'rs v. Abbott,* 391 S.W.3d 343, 346 (Tex. App.—Austin 2013, no pet.). Summary judgment is proper when there are no genuine issues of material fact and the movant is entitled to judgment as a matter of law on the issues set out in the motion. Tex. R. Civ. P. 166a(c). When both parties move for summary judgment on the same issue, each party bears the burden of establishing that it is entitled to judgment as a matter of law. *See City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 356 (Tex. 2000). On appeal, when the trial court grants one motion and denies the other, we consider the summary-judgment evidence presented by both sides and determine all of the questions presented. *Mann Frankfort Stein & Lipp Advisors, Inc. v. Fielding,* 289 S.W.3d 844, 848 (Tex. 2009). In these situations, if we determine

that the trial court erred in granting summary judgment, we render the judgment that the trial court should have rendered.  *Id.*

## DISCUSSION

### *The Public Information Act*

The Texas Legislature enacted the Texas Public Information Act with the purpose of providing the public "complete information about the affairs of government and the official acts of public officials and employees."  Tex. Gov't Code § 552.001.  The Legislature has instructed courts to liberally construe the provisions of the statute "in favor of granting a request for information" to ensure this policy goal is met.  *Id.*

The PIA guarantees access to public information subject to certain exceptions.  *Id.* § 552.006.  Under the PIA, information that is collected, assembled, or maintained by or for a governmental body is "public information."  *Id*. § 552.002.  A governmental body that receives a request for information must promptly produce public information for inspection, duplication, or both.  *Id.* § 552.221.  The PIA does not limit the availability of public information except as expressly provided.  *Arlington Indep. Sch. Dist. v. Texas Attorney Gen.*, 37 S.W.3d 152, 157 (Tex. App.—Austin 2001, no pet.); *see* Tex. Gov't Code §§ 552.101-.154.

When a governmental body believes the information requested of it is excepted from disclosure and there has been no previous determination about the requested information, the governmental body must request a ruling from the Attorney General asserting which exceptions to disclosure under the PIA permit it to withhold the information.  Tex. Gov't Code § 552.301.  If the

4

Attorney General rules that the information must be released, the governmental body may file suit in Travis County seeking declaratory relief from compliance with the Attorney General's decision within 30 days of the ruling. *Id.* § 552.324. The governmental body seeking to withhold the information has the burden of proving that an exception to disclosure applies. *York v. Texas Guaranteed Student Loan Corp.*, 408 S.W.3d 677, 688 (Tex. App.—Austin 2013, no pet.).

### *Common-law privacy*

In this case, there is no dispute that the date-of-birth information at issue is "public information" as defined within the PIA. Instead, the City contends that the information is excepted from disclosure under section 552.101, which provides that information is excepted from mandatory release if it is considered "confidential by law, either constitutional, statutory, or by judicial decision." *See* Tex. Gov't Code § 552.101. Specifically, the City contends that the information is considered confidential by judicial decision because it is confidential under the doctrine of common-law privacy and the rationale presented by the Texas Supreme Court in *Texas Comptroller of Public Accounts v. Attorney General of Texas*, 354 S.W.3d 336 (Tex. 2010).

It is well established that information that is confidential under the common-law privacy doctrine is considered "confidential by law" under section 552.101. *Industrial Found. of the S. v. Texas Indus. Accident Bd.*, 540 S.W.2d 668, 682-83 (Tex. 1976); *see also Texas Dep't of Pub. Safety v. Cox Tex. Newspapers, L.P.*, 343 S.W.3d 112, 119 (Tex. 2011) (noting that "thirty-five years ago, [the Texas Supreme Court] held that the common law privacy protection exempted documents from disclosure under the PIA"). Under the common-law right of privacy, an individual has a right to be free from the publicizing of private affairs in which the public has no legitimate

5

concern. *Industrial Found.*, 540 S.W. 2d at 682; *see also Abbott v. Dallas Area Rapid Transit*, 410 S.W.3d 876, 880 (Tex. App.—Austin 2013, no pet.). As a result, information that is protected under the doctrine of common-law privacy is excepted from mandatory disclosure under the PIA, unless the requestor can show that the information is of legitimate public concern. *Industrial Found.*, 540 S.W. 2d at 685.

In this case, the Attorney General does not contend that the requestors have shown or can show that the redacted date-of-birth information is of any legitimate public concern. Instead, the Attorney General asserts only that the City has failed to establish that the information is protected under the common-law privacy doctrine. Accordingly, our examination of whether the date-of-birth information is "confidential by law" under section 552.101 turns solely on whether the information is protected under the common-law privacy doctrine.

The doctrine of common-law privacy protects against four distinct kinds of invasions: (1) intrusion upon one's seclusion or solitude, or into one's private affairs, (2) public disclosure of embarrassing private facts, (3) false light publicity, and (4) appropriation, for the defendant's advantage, of the plaintiff's name or likeness. *Cox Tex. Newspapers*, 343 S.W.3d at 117; *Industrial Found.*, 540 S.W.2d at 682 (quoting William L. Prosser, *Privacy*, 48 Cal. L. Rev. 383, 389 (1960)); *see also Billings v. Atkinson,* 489 S.W.2d 858 (Tex. 1973) (recognizing tort for "intrusion upon one's seclusion or solitude, or into one's private affairs"). Here, the City contends that the disclosure of birth dates implicates the first type of privacy interest—intrusion upon one's seclusion or solitude, or into one's private affairs.[3] The City argues that it met its burden of establishing that the release

---

[3] The Attorney General argues that the City's reliance on the privacy interest articulated as "intrusion upon one's seclusion or solitude, or into one's private affairs" is misplaced because,

of the redacted date-of-birth information would constitute an intrusion into private affairs because, according to the City, "[a]ll persons have a substantial privacy interest in their dates of birth because their birth dates can be used to facilitate identify theft."

In support of its argument, the City relies on the Texas Supreme Court's opinion in *Texas Comptroller*, 354 S.W.3d at 343-346. In that opinion, the supreme court held that public employee date-of-birth information in the Comptroller's payroll database was excepted from disclosure under section 552.102 of the PIA, which excepts from disclosure personnel-file information whose release "would constitute a clearly unwarranted invasion of personal privacy." *See id*. *at* 348. In reaching this holding, the supreme court decided, as a preliminary matter, that state employees have a "nontrivial privacy interest" in their birth dates, arising from concerns about the potential for and growing problem of identity theft and fraud. *See id*. at 344-45. As the supreme court explained,

> [T]here is little question that one "can take personal information that's not sensitive, like birth date, and combine it with other publicly available data to come up with something very sensitive and confidential."

according to the Attorney General, it was not argued in the City's motion for summary judgment before the trial court and, as a result, should not be considered now in this appeal. *State Farm Lloyds v. Page*, 315 S.W.3d 525, 532 (Tex. 2010) ("Summary judgment may not be affirmed on appeal on a ground not presented to the trial court in the motion.").

In its motion for summary judgment, the City argued that the date-of-birth information is confidential by judicial decision under section 552.101 based on the rationale of *Texas Comptroller of Public Accounts v. Attorney General of Texas*, 354 S.W.3d 336 (Tex. 2010). In its appellate brief before this Court, the City again argues that resolution of this case is governed by *Texas Comptroller* and suggests that the supreme court in *Texas Comptroller* employed an intrusion-into-private-affairs analysis. We disagree with the Attorney General's assertion that the City is asking this Court to affirm the trial court's grant of summary judgment on a ground that the City did not present in its motion. *See* Tex. R. App. P. 38.1(e) ("The statement of an issue or point will be treated as covering every subsidiary question that is fairly included.").

7

*Id*. at 344 (citing Hadley Legget, *Social Security Numbers Deduced From Public Data*, WIRED SCI. (July 6, 2009, 5:05 PM) http://www.wired.com/wiredscience/2009/07/predictingssn.com). Moreover, "[t]he Attorney General has observed that preventing identity theft 'begins by reducing the number of places where your personal information can be found.'" *Id*. (citing *Preventing Identity Theft*, FIGHTING IDENTITY THEFT, http://www.texasfightsidtheft.gov/preventing.shtml). Concluding that the state employees' privacy interest in this information substantially outweighed the negligible public interest in disclosure, the court held that "disclosing employee birth dates constitutes a clearly unwarranted invasion of personal privacy, making them exempt from disclosure section 552.102." *Id*. at 348.

Although the supreme court's decision in *Texas Comptroller* concerned the privacy rights of public employees under section 552.102, we do not see why the court's concerns about identity theft and fraud would not apply equally to members of the general public and, in turn, to claims of confidentiality under section 552.101. Therefore, we conclude that based on the supreme court's rationale in *Texas Comptroller*, public citizens have a privacy interest in their birth dates such that the "publication [of birth dates] would be highly objectionable to a reasonable person." *Cox Tex. Newspapers*, 343 S.W.3d at 117 (citing *Industrial Found.*, 540 S.W.2d at 686, and explaining that "sole criteria" for assessing "confidential by judicial decision" based on invasion-of-privacy tort is whether information is of legitimate public concern and whether its publication would be highly objectionable to reasonable person). There is no dispute that the redacted date-of-birth information at issue is not of legitimate public concern; the City has therefore established that the information is "confidential by judicial decision" under section 552.101 of the PIA.

Because the redacted date-of-birth information is excepted from mandatory disclosure, the trial court did not err in granting summary judgment in favor of the City. Accordingly, we overrule the Attorney General's sole issue on appeal.

## CONCLUSION

Having overruled the Attorney General's issue on appeal, we affirm the judgment of the trial court.

_____

Scott K. Field, Justice

Before Justices Puryear, Goodwin, and Field

Affirmed

Filed: May 22, 2015