**The STATE of Texas ex rel. Tim CURRY, Criminal District Attorney, Tarrant County, Texas, Relator,**

v.

**The Honorable Jeff WALKER, Judge, 96th Judicial District Court, Tarrant County, Texas, Respondent.**

No. 94–0198.

Supreme Court of Texas.

March 30, 1994.

Rehearing Overruled May 11, 1994.

Dana M. Womack, Tim Curry, Fort Worth, for relator.

Dwain Dent, Fred L. Streck, III, Fort Worth, for respondent.

## PER CURIAM.

This is an original mandamus action in which relator, Tim Curry, the criminal District Attorney of Tarrant County ("the District Attorney"), seeks a writ of mandamus directing the Honorable Jeff Walker, Presiding Judge of the 96th Judicial District, Tarrant County, Texas, to rescind his order denying in part the District Attorney's Motion to Quash Plaintiffs' Subpoena Duces Tecum and Motion for Protective Order. We grant leave to file the petition for writ of mandamus and conditionally grant the writ.

Henry Cruz, Jr. ("Cruz"), one of the real parties in interest in this proceeding, was shot while driving his car under an overpass outside of Fort Worth. At or near the time of the shooting, a rock was dropped from the same overpass, killing a woman driver in another car. Three young men were prosecuted by the District Attorney for the murder of the woman. All three entered pleas in connection with the case. Two of the men received ten years probation in pleas for involuntary manslaughter. The third defendant received ten years deferred adjudication in a plea for aggravated assault with a deadly weapon.

Cruz brought a civil action against the three young men and others to recover for injuries he sustained as a result of the shooting. In connection with this action, Cruz served a subpoena duces tecum on the District Attorney, requiring him or his custodian of records to appear for a deposition upon written questions and to produce the following documents as to each of the three criminal defendants:

Any and all records, books, papers, documents written memoranda [sic], handwritten notes, photographs and videotapes, including but not limited to the entire file(s) in your possession or under your custody or control, indictments, arrest records, investigation, punishment evidence, forensics, internal correspondence and memos regarding the arrest and subsequent conviction of [NAME OF DEFENDANT] on September 27, 1993. . . .

In response to the subpoena, the District Attorney filed his Motion to Quash Plaintiffs' Subpoena Duces Tecum and Motion for Protective Order. After completing his in-camera inspection of the records produced by the District Attorney in response to the subpoena, Judge Walker granted the motion in part and denied it in part. Judge Walker withheld production of those documents containing attorney work product, including written communication between attorneys working for the District Attorney, labeled by the parties as "Box A." However, Judge Walker ordered production of the remainder of the District Attorney's files, including police reports, court documents, record of the juvenile certification proceeding, photographs and newspaper clippings, labeled by the parties as "Box B."

In effect, this requires the District Attorney to produce his entire litigation file, except for documents involving direct communications. This order is too broad. In *National Union Fire Insurance Co. v. Valdez*, 863 S.W.2d 458, 460 (Tex.1993, orig. proceeding), we stated that "[a]n attorney's litigation file goes to the heart of the privileged work area guaranteed by the work product exemption. The organization of the file, as well as the decision as to what to include in it, necessarily reveals the attorney's thought processes concerning the prosecution or defense of the case." Thus, under *National Union*, the privilege extends to the entire litigation file, not only to documents which, considered individually, are attorney work product.[1] *See also Owens–Corning Fiberglas v. Caldwell*, 818 S.W.2d 749, 750–51 (Tex.1991) (work product rule shelters mental processes of

---

**1.** Because one of the defendants in the criminal case here received deferred adjudication, and the two others probation, the District Attorney argues that the case is still "active." We accept this argument and therefore do not consider whether the protection of the work product doctrine extends beyond the conclusion of litigation in a criminal prosecution where the related litigation file is sought in a separate civil action.

attorney); *Wiley v. Williams,* 769 S.W.2d 715, 717 (Tex.App.—Austin 1989, orig. proceeding [leave denied]) (discussing work product doctrine generally).

The work product privilege is applicable to litigation files in criminal as well as civil litigation. As the United States Supreme Court explained in *United States v. Nobles,* 422 U.S. 225, 95 S.Ct. 2160, 45 L.Ed.2d 141 (1975),

> Although the work product doctrine most frequently is asserted as a bar to discovery in civil litigation, its role in assuring the proper functioning of the criminal justice system is even more vital. The interests of society and the accused in obtaining a fair and accurate resolution of the question of guilt or innocence demand that adequate safeguards assure the thorough preparation and presentation of each side of the case.

*Id.* at 238, 95 S.Ct. 2160.

Judge Walker's order conflicts with our holding in *National Union.* Therefore, without hearing oral argument, a majority of the Court conditionally grants the writ of mandamus pursuant to Tex.R.App.P. 122. If Judge Walker fails to vacate his order denying in part the District Attorney's Motion to Quash Subpoena Duces Tecum and Motion for Protective Order, the writ will issue.