In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-03-00553-CV
____________

IN RE SUSAN WRIGHT, Relator




Original Proceeding on Petition for Writ of Mandamus



 
MEMORANDUM OPINION
                Relator, Susan Wright, requests that this Court issue a writ of mandamus to
compel respondent


 to grant relator’s motion to quash a grand jury subpoena issued
to Dr. Jo Beth Hawkins for the medical records of Bradly Ray Wright. We deny the
petition.
               On March 11, 2003, the grand jury of the 185th District Court of Harris
County issued a subpoena duces tecum to Dr. Jo Beth Hawkins for “all medical
records, including doctor’s notes, nurse’s notes, psychiatric evaluations, etc., of
patient Bradly Ray Wright, date of birth 11/14/98.” Relator filed a motion to quash
the subpoena on March 31, 2003. After hearings on the issue and an in camera
inspection of the documents, the trial court denied the motion to quash.
               Relator filed this petition for writ of mandamus and a motion for temporary
relief. We granted a temporary stay of respondent’s order on May 28, 2003, pending
our decision on the petition for writ of mandamus. In addition to the petition, copies
of a letter from relator’s counsel to Dr. Hawkins and the subpoenaed records were
submitted to this Court as sealed exhibits. At our request, the State filed its response.
               Four-year-old Bradly Wright is the son of relator and the complainant,
Jeffrey Wright. The complaint filed against relator alleges, among other things, that
the complainant was stabbed to death by the infliction of 193 wounds, and that the
couple’s two children, Bradly and an infant daughter, were in the house at the time.
               We first consider whether this matter has been rendered moot. According
to the reporter’s record of the hearings, the term of the 185th grand jury expired on
May 2, 2003, and was not held over. Because relator’s counsel advised the court of
his intention to seek mandamus relief, the trial court asked the prosecutor if she
intended to re-subpoena the same records for another grand jury if the 185th grand
jury’s term ended before an appellate court ruled on the mandamus petition. The
prosecutor affirmed that she intended to do so. When the petition for writ of
mandamus was filed in this Court, the term of the 185th grand jury had expired. 
Therefore, the subpoena to Dr. Hawkins had also expired.


 
               Because of its intent to re-subpoena the same medical records, the State did
not argue in its response that we should dismiss the petition as moot. If we did so and
the State issued another grand jury subpoena for Dr. Hawkins’s records, the issues
raised in this petition would remain unresolved. In the interest of judicial economy,
we decline dismiss on the basis of mootness.
               To prevail on his petition, relator must demonstrate that (1) he has no other
adequate legal remedy, and (2) under the relevant facts and law, the act sought to be
compelled is purely ministerial. State ex rel. Hill v. Court of Appeals for the Fifth
District, 67 S.W.3d 177, 180 (Tex. Crim. App. 2001). An act is “ministerial” if it
does not involve the exercise of any discretion. If there is any discretion or judicial
determination attendant to the act, it is not ministerial, nor is it a ministerial act if the
trial court must weigh conflicting claims or collateral matters which require legal
resolution. The law must spell out the duty to be performed with such certainty that
nothing is left to the exercise of discretion or judgment. Even a trial court’s ruling
on a pure question of law is not subject to writ review where that law was unsettled
or uncertain. Id., at 180-81.
               The writ of mandamus can be an appropriate remedy from an order denying
a motion to quash a subpoena duces tecum. The Texas Supreme Court conditionally
granted the writ when a trial court denied the State’s motion to quash a subpoena
duces tecum for the State’s entire litigation file in a criminal case. See State ex rel.
Curry v. Walker, 873 S.W.2d 379, 381 (Tex. 1994). Concerning the scope of the
work-product rule in criminal cases, the Texas Court of Criminal Appeals wrote as
follows:
At one extreme, a recording of a statement made by a witness
without any questions by the interviewer is clearly discoverable.
[Citations omitted.] At the other extreme, a recording is not
discoverable if it contains only comments by the attorney
concerning his trial strategy or opinions of the strengths and
weaknesses of the case. [Citation omitted.] If the recording falls
within the two extremes, the trial court must examine it in camera,
decide which portions are discoverable, and order a copy of the
tape consisting of those portions to be delivered to the side
requesting it. [Citation omitted.]

Washington v. State, 856 S.W.2d 184, 188 (Tex. Crim. App. 1993).
               We have examined the sealed exhibits and conclude that the material “falls
within the two extremes,” and that the trial court used its discretion in making the
judicial determination that the material was not privileged as work product. For this
reason, the trial court had no ministerial duty to grant the motion to quash.
               Relator relies on Washington and Skinner v. State, 956 S.W.2d 532, 538-39
(Tex. Crim. App. 1997). In Skinner, the Court of Criminal Appeals held that a
toxicology expert appointed for the defense was defense counsel’s agent, and that a
document prepared by the agent containing questions and comments about the
strengths and weaknesses of the defense theory was privileged as work product. 
Washington and Skinner, however, were direct appeals, so the privilege issue was not
evaluated in terms of whether the trial court had a ministerial duty to perform a
certain act.   
               The trial court reviewed Dr. Hawkins’s file in camera to determine whether
it included privileged work product, and concluded that it did not. We hold that the
material in question is not clearly privileged, but required the use of the trial court’s
discretion to make a judicial determination. Consequently, there was no ministerial
duty to quash the subpoena duces tecum for Dr. Hawkins’s records on Bradly Wright.
               The petition for writ of mandamus is denied. The temporary stay of
respondent’s order that issued on May 28, 2003, is ordered lifted. 
               It is so ORDERED.
PER CURIAM

Panel consists of Chief Justice Radack, and Justices Hedges and Hanks.