ACCEPTED
03-15-00093-CV
6583005
THIRD COURT OF APPEALS
AUSTIN, TEXAS
8/20/2015 1:47:06 PM
JEFFREY D. KYLE
CLERK

**CASE NO. 03-15-00093-CV**

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS
AUSTIN, TEXAS

FILED IN
3rd COURT OF APPEALS
AUSTIN, TEXAS
8/20/2015 1:47:06 PM
JEFFREY D. KYLE
~~Clerk~~

**THE CITY OF HOUSTON, TEXAS**
*Appellant*,

**v.**

**KEN PAXTON, ATTORNEY GENERAL OF TEXAS,**
*Appellee*.

On Appeal from the 250th District Court of Travis County, Texas
The Honorable Stephen Yelenosky, Presiding

**BRIEF OF APPELLEE KEN PAXTON,
ATTORNEY GENERAL OF TEXAS**

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil
Litigation

DAVID A. TALBOT, JR.
Chief, Administrative Law Division

KIMBERLY L. FUCHS
Chief, Open Records Litigation

MATTHEW R. ENTSMINGER
State Bar No. 24059723
Assistant Attorney General
Open Records Litigation
Administrative Law Division
Office of the Attorney General of Texas
P.O. Box 12548, Capitol Station
Austin, Texas  78711-2548
Telephone:  (512) 475-4151
Facsimile:   (512) 320-0167
matthew.entsminger@texasattorneygeneral.gov

ATTORNEYS FOR APPELLEE KEN PAXTON,
ATTORNEY GENERAL OF TEXAS

**ORAL ARGUMENT NOT REQUESTED**          **August 20, 2015**

**REFERENCE TO THE PARTIES**

Appellant The City of Houston, Texas, will be referred to as "the City."

Appellee, Ken Paxton, Attorney General of Texas, will be referred to as "the Attorney General."

**REFERENCES TO THE RECORD**

Clerk's record will be referenced as:      C.R. [Page]

Appendix will be referenced as:      App. [Letter]

# TABLE OF CONTENTS

Reference to the Parties.................................................................................. ii

References to the Record ................................................................................ ii

Table of Contents......................................................................................... iii

Index of Authorities ..................................................................................... iii

Statement Regarding Oral Argument ........................................................... vii

Issues Presented .......................................................................................... vii

Introduction...................................................................................................1

Statement of Facts.........................................................................................2

Procedural History .........................................................................................5

Summary of the Argument.............................................................................6

Standard of Review ........................................................................................8

Argument.......................................................................................................8

I.     The Information at Issue is not Excepted from Required Disclosure Under Texas Rule of Evidence 503 because it does not Consist of Confidential Attorney-Client Communications.................................................................8

      A.      Texas Rule of Evidence 503 enacts the attorney-client privilege.........8

           1      The communication must have been intended to be—and must remain—confidential .............................................................9

           2.      An employee may act as a "representative of the client" for purposes of Rule 503 when the confidential communication occurs within the scope of his employment.............................10

           3.      The privilege is construed narrowly and the burden of demonstrating its applicability is carried by its proponent.......11

      B.      The City has neither met its burden under Rule 503 nor the PIA.......12

1. The face of the documents demonstrates the administrative statements were not intended to be kept confidential ............... 12

2. The face of one document indicates the sworn administrative statement was not offered within the affiant employee's "course of employment." ....................................................................... 14

3. Nothing in the record suggests the employees offered the sworn statements for the purpose of facilitating the rendition of legal services to the City ................................................................. 16

II. The City may not Withhold the Requested Administrative Statements Pursuant to the Attorney-Client Privilege and this Court's Holding in *Harlandale* Simply because the Statements were Attached to an Attorney-Client Privileged Report ............................................................ 18

A. The Court's holding in *Harlandale* applies when an attorney-client privileged report is requested in its entirety ........................................ 19

B. The instant case is distinguishable from *Harlandale* and other cases cited by the City because the administrative statements at issue were specifically requested and were never cloaked by privilege ............... 20

C. The expansive reading of *Harlandale* proposed by the City would threaten public access to information about the official acts of public employees ...................................................................................... 23

Conclusion and Prayer ....................................................................... 24

Certificate of Compliance ................................................................... 26

Certificate of Service ......................................................................... 27

iv

# INDEX OF AUTHORITIES

**CASES**

*Better Gov't Bureau v. McGraw (In re Allen)*,
106 F.3d 582 (4th Cir. W. Va. 1997) ....................................................................22

*Garrity v. State of N.J.*,
385 U.S. 493 (1967) .............................................................................................16

*Gilbert Tex. Constr., L.P. v. Underwriters at Lloyd's London*,
327 S.W.3d 118 (Tex. 2010) ...................................................................................7

*Harlandale Independent School District v. Cornyn*,
25 S.W.3d 328 (Tex. App.—Austin 2000, pet. denied) ................................. 18-20

*Huie v. DeShazo*,
922 S.W.2d 920 (Tex. 1996) ..............................................................................9, 11

*In re E.I. DuPont de Nemours & Co.*,
136 S.W.3d 218 (Tex. 2004) ............................................................................ 10, 15

*In re USA Waste Mgmt. Res., L.L.C.*,
387 S.W.3d 92 (Tex. App.—Houston [14th Dist.] 2012, orig. proceeding) .... 10, 15

*In re XL Specialty Ins. Co.*,
373 S.W.3d 46 (Tex. 2012) ........................................................................ 9, 12, 13

*Jordan v. Ct. of Appeals for the Fourth Supreme Judicial Dist.*,
701 S.W.2d 644 (Tex. 1985) .................................................................................18

*State ex rel. Curry v. Walker*,
873 S.W.2d 379 (Tex. 1994) .................................................................................21

*Tex. Dep't of Mental Health & Mental Retardation v. Davis*,
775 S.W.2d 467 (Tex. App.—Austin 1989, no writ) .............................................11

*Tex. Dep't Pub. Safety v. Abbott*,
310 S.W.3d 670 (Tex. App.—Austin 2010, no pet.) ..............................................7

*Tex. State Bd. of Chiropractic Exam'rs v. Abbott*,
391 S.W.3d 343 (Tex. App.—Austin 2013, no pet.) ................................. 11, 18, 23

*Thomas v. Cornyn*,
71 S.W.3d 473 (Tex. App.—Austin 2002, no pet.) ........................................... 11, 24

*Upjohn Co. v. United States*,
449 U.S. 383 (1981) ............................................................................ 15, 16, 22

*West v. Solito*, 563 S.W.2d 240 (Tex. 1978)........................................................9, 17

## STATUTES

### Tex. Gov't Code

Public Information Act

§ 552.001..............................................................................................24

§ 552.001(a) .........................................................................................21

§ 552.006..............................................................................................24

§ 552.007(b) .........................................................................................13

§ 552.301................................................................................................3

§ 552.324................................................................................................5

## RULES

### Tex. R. Evid.

503(a)(2)......................................................................................... 11, 15-17

503(b) ..................................................................................................9

511(a)(1)..............................................................................................14

## LEGISLATIVE HISTORY

Act of May 17, 2013, 83d Leg., R.S., ch. 461,
§ 1, 2013 Tex. Gen. Laws 1293 .................................................................4

## STATEMENT REGARDING ORAL ARGUMENT

The Attorney General does not request oral argument. But the Attorney General would like the opportunity to present oral argument if the Court grants Appellant's request for oral argument or otherwise determines that oral argument is necessary to help clarify the issue before the Court.

## ISSUES PRESENTED

1.  Does Texas Rule of Evidence 503 make confidential as attorney-client privileged the sworn administrative statement of a city employee that is provided to a city investigator where the employee is the subject of the misconduct investigation, is free to share the statement with his own attorney, or is admonished that he is not required to make the statement as a condition of his employment?

2.  May a governmental body withhold a requested document consisting of public information not otherwise excepted from required disclosure under the Public Information Act simply because the non-privileged document was later attached to an attorney-client privileged report?

CASE NO. 03-15-00093-CV

IN THE COURT OF APPEALS
FOR THE THIRD DISTRICT OF TEXAS
AUSTIN, TEXAS

**THE CITY OF HOUSTON, TEXAS,**
*Appellant*,

**v.**

**KEN PAXTON, ATTORNEY GENERAL OF TEXAS,**
*Appellee*.

On Appeal from the 250th District Court of Travis County, Texas
The Honorable Stephen Yelenosky, Presiding

**BRIEF OF APPELLEE KEN PAXTON,
ATTORNEY GENERAL OF TEXAS**

TO THE HONORABLE JUSTICES OF THE THIRD COURT OF APPEALS:

**INTRODUCTION**

Texas courts have found that exceptions to mandatory disclosure under the Texas Public Information Act (the PIA) are to be narrowly construed. Similarly, Texas courts narrowly construe application of the attorney-client privilege to include only those situations where a client seeks the rendition of legal services from an attorney and circumstances indicate an intention that the communication be made in confidence and remain confidential.

But here the City asks the Court to instead expansively construe the attorney-client privilege to include sworn administrative statements provided to an investigator from the City's Office of the Inspector General (OIG) by City employees being investigated for misconduct—despite the fact that the employees were explicitly admonished they were free to discuss the communication and share the sworn statement with their own legal counsel or were not required to provide the statement as a condition of the employee's employment. Barring such a finding, the City alternatively argues these non-privileged statements are nonetheless excepted from required public disclosure simply because the statements were later attached to a privileged OIG report.

The City's argument demands an expansive interpretation of the privilege that is not supported by Texas law. Because the City has failed to demonstrate the attorney-client privilege protects the requested administrative statements from required public disclosure, the Attorney General asks the Court to affirm the judgment of the trial court.

**STATEMENT OF FACTS**

This is an appeal from the final judgment in a lawsuit brought under the PIA, as authorized by section 552.324 of the Government Code. The City received an open records request for several categories of information relating to an OIG internal investigation, including written statements made by "parties involved in

2

this matter." C.R. 6–7. The requestor identified herself as legal counsel for one of the City employees who were the subjects of the OIG investigation. *Id.* The City declined to release the requested information and instead sought an open records ruling from the Attorney General. C.R. 8–11; Tex. Gov't Code § 552.301. In its briefing, the City asserted the requested information pertained to a completed OIG investigation and contained "communications to and from employees of the OIG in their capacity as attorney representatives and various City employees in their capacity as clients and client representatives." C.R. 9. The City argued the entirety of the requested records thus consisted of privileged attorney-client communications protected under Texas Rule of Evidence 503. *Id.*

The City alternatively argued the requested information was excepted from required disclosure pursuant to the law enforcement exception, section 552.108 of the Government Code. C.R. 9–10. While acknowledging "Section 552.108, by its terms, applies only to a law enforcement agency or a prosecutor[,]" the City argued the information was nonetheless subject to the law enforcement exception because:

> The OIG's primary investigatory function extends into enforcement by way of the provision of information related to potential violations of local, state, or federal law to the municipal prosecutor, the Houston Police Department, the Harris County District Attorney's Office, or other public law enforcement authorities as appropriate. As such, **the City believes that the OIG is a law enforcement agency** and that its records are subject to section 552.108.

3

C.R. 10 (emphasis added). The City concluded "OIG advises that the [requested information] pertains to the investigation of a potential crime and that the release of said information would interfere with the detection, investigation, or prosecution of crime." *Id.*

The Attorney General issued Open Records Letter Ruling OR2014-02684 in response to the City's request. C.R. 46–50. The Attorney General determined that most of the requested information was excepted from disclosure pursuant to Texas Rule of Evidence 503; however, the Attorney General identified portions of the requested information as consisting of communications with non-privileged parties. C.R. 48; *see* Def.'s Ex. C (information at issue).[1] Because these non-privileged statements were specifically requested and existed separate and apart from the completed OIG report to which they were later attached, the Attorney General determined they were not subject to the attorney-client privilege. *Id.* Further, the Attorney General found the law enforcement exception did not apply to this remaining information because the documents related only to a "completed

---

[1] The portion of the requested information determined to be public information by the Attorney General and identified by the City as being at issue in this lawsuit was labeled "Information at Issue" and was presented to the trial court for *in camera* inspection as Defendant's Exhibit C. C.R. 55. This exhibit was preserved by the trial court clerk and was forwarded to the Court for review in relation to this appeal but was not made part of the Clerk's record, so as to avoid any disclosure of the information that would moot the controversy. This practice of submitting information at issue in a PIA lawsuit for review by the trial court and any reviewing courts of appeal is codified at section 552.3221 of the Government Code. *See* Act of May 17, 2013, 83d Leg., R.S., ch. 461, § 1, 2013 Tex. Gen. Laws 1293 (codified at Tex. Gov't Code § 552.3221). In this brief, the Attorney General will refer to the information at issue as "Def.'s Ex. C," followed by the relevant page number(s).

investigation that [was] purely administrative in nature" and the City "[did] not provide any arguments explaining how the internal investigation resulted in a criminal investigation or prosecution." C.R. 49. Accordingly, the Attorney General directed the City to release the non-privileged communications to the requestor. *Id*.

*Procedural History*

The City filed timely suit against the Attorney General in Travis County district court challenging letter ruling OR2014-02684, to the extent the ruling found the requested information was not subject to Texas Rule of Evidence 503. C.R. 3–5; Tex. Gov't Code § 552.324. The City did not challenge the Attorney General's determination under section 552.108 of the Government Code. C.R. 5. The parties filed cross-motions for summary judgment. The City argued the information at issue consisted of attorney-client privileged information protected under Rule 503. C.R. 56–79 (The City of Houston's Cross-Motion for Summary Judgment), 85–90 (The City of Houston's Response to Defendant's Cross-Motion for Summary Judgment). The Attorney General argued the information at issue was not privileged and should be released in accordance with the letter ruling. C.R. 33–55 (Defendant's Cross-Motion for Summary Judgment), 80–84 (Defendant's Response to Plaintiff's Cross-Motion for Summary Judgment).

5

After a hearing on the parties' cross-motions, the trial court granted the Attorney General's motion and denied the City's motion, ordering "the information at issue is not privileged pursuant to Rule 503 of the Texas Rules of Evidence and the City must disclose this information to the requestor." C.R. 91–92. The City then filed a motion for new trial. C.R. 93–98. The trial court denied the City's motion. C.R. 103–05. The City timely filed notice of appeal, and this proceeding followed.[2] C.R. 106–10.

## SUMMARY OF THE ARGUMENT

The information at issue in this suit consists of the sworn administrative statements of two City employees whose actions were under investigation by the City's Office of Inspector General. The face of the documents shows the employees were admonished that they were free to disclose the administrative statement to their own legal counsel. Additionally, one employee was admonished that he was not required to make a statement as a condition of his employment with the City. Thus, the statements were never intended to remain confidential and at least in one instance the statement was not made as a condition of employment.

---

[2] The Attorney General notes that it appears the City has dropped its challenge to a portion of what was originally before the trial court as the "Information at Issue," which the Attorney General refers to in this brief as Def.'s Ex. C. That packet consists of twenty-eight pages, bates-marked AG Jenkins(Brooks)00001–00028. According to the City's brief, the City appeals the trial court's judgment only as to Jenkins(Brooks)00008–00014 and Jenkins(Brooks)00024–00028. Appellant's Br. at 4. The Attorney General assumes the City has released the remaining information to the requestor.

6

Consequently, these statements are not privileged pursuant to Texas Rule of Evidence 503. Moreover, these non-privileged statements, when individually requested under the PIA, do not become privileged and excepted from required disclosure simply by virtue of having been attached as exhibits to a privileged OIG report. The requested administrative statements are subject to required public disclosure and accordingly the judgment of the trial court should be affirmed.

## STANDARD OF REVIEW

When both sides move for summary judgment, a reviewing court considers both sides' summary-judgment evidence, determines all questions presented, and renders the judgment the trial court should have rendered. *Gilbert Tex. Constr., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 124 (Tex. 2010) (citing *Embrey v. Royal Ins. Co. of Am.*, 22 S.W.3d 414, 415–16 (Tex. 2000)). A trial court's determination regarding whether information is public and subject to required disclosure under the PIA is a question of law that is reviewed *de novo*. *Tex. Dep't Pub. Safety v. Abbott*, 310 S.W.3d 670, 673 (Tex. App.—Austin 2010, no pet.) (citing *City of Garland v. Dallas Morning News*, 22 S.W.3d 351, 357 (Tex. 2000)).

## ARGUMENT

## I. THE INFORMATION AT ISSUE IS NOT EXCEPTED FROM REQUIRED DISCLOSURE UNDER TEXAS RULE OF EVIDENCE 503 BECAUSE IT DOES NOT CONSIST OF CONFIDENTIAL ATTORNEY-CLIENT COMMUNICATIONS.

The City asserts the two sworn administrative statements at issue are privileged attorney-client communications subject to Texas Rule of Evidence 503 because the employees who provided the statements were cooperating with the OIG investigation pursuant to City policy and the communications were intended to remain confidential. Appellant's Br. at 18–21. But because the employees were free to disclose the statement to their own legal counsel, because an employee was admonished that the statement was not a requirement of his employment, and because there is no evidence the employees believed they were helping to facilitate the rendition of professional legal services to the City, neither employee was acting as a "representative of the client" for purposes of Rule 503 and the City has failed to meet its burden of demonstrating the information at issue is attorney-client privileged or otherwise excepted from required public disclosure under the PIA. The trial court's ruling should be affirmed.

### A. Texas Rule of Evidence 503 enacts the attorney-client privilege.

The attorney-client privilege excepts from disclosure certain communications between client and attorney, when the communications are intended to and remain confidential and are made for the purpose of facilitating the

8

rendition of professional legal services to the client. Tex. R. Evid. 503(b); *see Huie v. DeShazo*, 922 S.W.2d 920, 922 (Tex. 1996). The intention of the privilege is to allow "unrestrained communication and contact between an attorney and client in all matters in which the attorney's professional advice or services are sought, without fear that these confidential communications will be disclosed by the attorney, voluntarily or involuntarily, in any legal proceeding." *West v. Solito*, 563 S.W.2d 240, 245 (Tex. 1978).

### 1. The communication must have been intended to be—and must remain—confidential.

A communication is "confidential" for purposes of Rule 503 if it is not intended to be disclosed to third persons other than those to whom disclosure is made in furtherance of the rendition of professional legal services to the client or those reasonably necessary for the transmission of the communication. Tex. R. Evid. 503(a)(5). Generally speaking, communication with outside counsel or any other third party will waive the privilege. *See In re XL Specialty Ins. Co.*, 373 S.W.3d 46, 49–50 (Tex. 2012). The only exceptions for communication with outside counsel exist where the proponent of the privilege can demonstrate the separately-represented parties share either a joint defense in litigation or, outside of litigation, otherwise share a "mutual" or "common interest" with nonlitigating persons. *Id.*

9

**2. An employee may act as a "representative of the client" for purposes of Rule 503 when the confidential communication occurs within the scope of his employment.**

The attorney-client privilege extends to a "representative of the client" only if the representative is "a person having authority to obtain professional legal services, or to act on advice thereby rendered, on behalf of the client," or is "any other person who, for the purpose of effectuating legal representation for the client, makes or receives a confidential communication while acting in the scope of employment for the client." Tex. R. Evid. 503(a)(2). Texas courts have interpreted this rule as adopting the common-law "subject matter test." *In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d 218, 225 n.3 (Tex. 2004). The subject matter test expands the reach of the privilege beyond executives or supervisors to other employees in the corporation and is met where (1) the employee makes the communication at the direction of his superior and (2) the subject matter upon which the attorney's advice is sought and dealt with in the communication is the performance of the employee's duties." *Id.* (citing *Nat'l Tank Co. v. Brotherton*, 851 S.W.2d 193, 198 (Tex. 1993)). Courts have found a communication to be made "while acting in the scope of employment" when it occurs at the direction of management and where the employee was required to cooperate *as a condition of employment*. Tex. R. Evid. 503(a)(2); *see, e.g.*, *In re USA Waste Mgmt. Res., L.L.C.*, 387 S.W.3d 92, 97 (Tex. App.—Houston [14th Dist.] 2012, orig.

10

proceeding) ("[Party seeking to defeat privilege] failed to dispute that Waste Management requires all employees, as a condition of their employment, to fully cooperate in any investigation of a violation of their anti-violence policy.").

### 3. The privilege is construed narrowly and the burden of demonstrating its applicability is carried by its proponent.

The party resisting discovery bears the burden of demonstrating the applicability of any claimed privilege. *Huie*, 922 S.W.2d at 926 (citing *State v. Lowry*, 802 S.W.2d 669, 671 (Tex. 1991)). Because it tends to prevent full disclosure of the truth, this Court has narrowly construed application of the attorney-client privilege. *Tex. Dep't of Mental Health & Mental Retardation v. Davis*, 775 S.W.2d 467, 473 (Tex. App.—Austin 1989, no writ).

Similarly, a governmental body seeking to withhold information under the PIA bears the burden of establishing that an exception to public disclosure applies. *Thomas v. Cornyn*, 71 S.W.3d 473, 480–81 (Tex. App.—Austin 2002, no pet.). Moreover, exceptions to the disclosure requirement of the PIA are "narrowly construed." *Tex. State Bd. of Chiropractic Exam'rs v. Abbott*, 391 S.W.3d 343, 347 (Tex. App.—Austin 2013, no pet.) (citing *Arlington Indep. Sch. Dist. v. Tex. Attorney Gen.*, 37 S.W.3d 152, 157 (Tex. App.—Austin 2001, no pet.)). As explained below, the City has failed to demonstrate the information at issue consists of *confidential* communications, made while the employees were acting in

11

the scope of their employment and for the purpose of facilitating the rendition of legal services to the City. Consequently, the City has failed to meet its burden under Rule 503 and as required by the PIA.

**B.    The City has neither met its burden under Rule 503 nor the PIA.**

The record before the Court demonstrates the administrative statements at issue were never intended to be kept confidential, in at least one instance was not made in the scope of the affiant's employment with the City, and were not offered for the purpose of facilitating the rendition of legal services to the City.

**1.    The face of the documents demonstrates the administrative statements were not intended to be kept confidential.**

As explained above, only confidential communications between attorney and client are protected under the privilege. Tex. R. Evid. 503(a)(5); *In re XL Specialty Ins. Co.*, 373 S.W.3d at 49–50. The City claims it "took steps to ensure and maintain the confidentiality of the communications." Appellant's Br. at 19. But this assertion is contradicted by the face of the documents in question. Each administrative statement contains a number of admonishments, each which the affiant must individually assent to by placing his initials next to the statement in question. Def.'s Ex. C at 8, 24. The fourth admonishment clearly states that the affiant is free to discuss and share the written statement with his own legal representative:

12

> All parties are hereby notified that any dissemination, distribution, copying, or use of or reliance upon the information contained in this document by or to anyone other than the recipient **and/or his/her attorney** in the above referenced OIG case is unauthorized and strictly prohibited by law and city policy. You are hereby ordered by the Inspector General, as authorized by Executive Order 1-39 Section 5.7, not to discuss the investigation with anyone **except your legal representative**, and you are further ordered not to distribute, review and/or share administrative statements with anyone **other than your attorney**.

*Id*. (emphasis added).

Thus, at the time the statement is made the City clearly communicates to the affiant that—while sharing with coworkers or others is unauthorized by City policy—the affiant may discuss and distribute the sworn statement to his own attorney, a non-privileged individual. Further, the City has failed to demonstrate or even allege that any exception to the requirement of strict confidentiality under the Rule is applicable here, such as a joint defense in litigation or a shared mutual interest with the target individuals or their legal counsel. *See In re XL Specialty Ins. Co.*, 373 S.W.3d at 49–50. While the City acknowledges the text of the admonishment, it makes no effort to explain how the sharing of the administrative statement with the affiant's own counsel would maintain the purportedly intended confidentiality of the statement. Appellant's Br. at 19.

The cloak of the privilege cannot be selectively applied. Tex. Gov't Code § 552.007(b) (public information voluntarily made available must be made

13

available to any person); Tex. R. Evid. 511(a)(1) (consent to disclosure waives privilege). These statements were never "intended" to be confidential. Quite the opposite; the admonishments on the face of the documents, and to which the City required the employees assent, demonstrate the City contemplated the communication would be shared with non-privileged parties. Thus, no confidential relationship was established and the privilege never attached. Tex. R. Evid. 503(a)(5). The City has failed to meet its burden on this point.

> **2. The face of one document indicates the sworn administrative statement was not offered within the affiant employee's "course of employment."**

Not only has the City failed to demonstrate the statements were intended to be kept confidential, in one case it has additionally failed to establish the statement was made by the affiant employee "while acting in the scope of employment for" the City. *See* Tex. R. Evid. 503(a)(2). Again, the City's argument is contradicted by the text of the sworn admonishment, which states the employee is under no requirement of his employment to make the statement to the OIG investigator:

> I, [Affiant], furnished the following statement free and voluntarily to [Investigator] of the Office of Inspector General. No threats, monetary benefits, or promises of any kind were used to induce this statement. I understand that I was NOT required to furnish this statement as a condition of my employment with the city of Houston.

Def.'s Ex. C at 8 (emphasis in original).

14

Consequently, in at least one instance the affiant employee was explicitly not acting "in the scope of employment" for the City, as required by the Rule. *See* Tex. Rule Evid. 503(a)(2). Rather, this employee was *voluntarily* offering a sworn statement—in his position as a suspect of misconduct in an OIG investigation—to an OIG investigator. Thus the situation in the instant case is distinguishable from the cases cited by the City, where employees were instructed by management to speak with counsel as a requirement of their employment. *See In re USA Waste Mgmt. Res.*, 387 S.W.3d at 97 (employees required to cooperate with investigation as condition of employment); *In re E.I. DuPont de Nemours & Co.*, 136 S.W.3d at 225 n.3 (statement must be directed by superior); *Upjohn Co. v. United States*, 449 U.S. 383, 394 (1981) (privileged statements made "at the direction of corporate superiors").

The City merely dismisses as "boilerplate" the admonishment that the employee "was NOT required to furnish this statement as a condition of [his] employment with the city of Houston." Appellant's Br. at 20. This explanation neither aids the City in meeting its burden under the Rule, nor does it explain why the City required the employee's assent to this provision if the City did not believe it to be accurate.[3] If the purpose of the attorney-client privilege is to be served, the

---

[3] The more likely reason these statements were not compelled in the course of employment is that these employees were the subjects of the investigation and—as the City notes—it views the OIG as a "law enforcement agency" with a duty to turn over evidence of illegal behavior to the

15

attorney and client must be certain whether a communication is protected.[4]  *See Upjohn*, 449 U.S. at 393. Consequently, the record shows this statement was neither intended to be kept confidential nor made by an employee acting as representative for the City.[5]  The trial court's ruling should be affirmed.

### 3. Nothing in the record suggests the employees offered the sworn statements for the purpose of facilitating the rendition of legal services to the City.

Finally, and in addition to its failure to demonstrate these administrative statements were intended to be confidential, the City has not demonstrated the statements were offered with an understanding they were being made for the purpose of effectuating legal representation for the City.  *See* Tex. R. Evid. 503(a)(2) (statement must be given "for the purposes of effectuating legal representation for client"); *see also Upjohn*, 449 U.S. at 394 ("The communications concerned matters within the scope of the employees' corporate duties, and the employees themselves were sufficiently aware that they were being

---

appropriate authorities.  *See* C.R. 10, 15.  Mandating potentially-incriminating statements be offered without promise of immunity would likely run afoul of the Fourteenth Amendment to the U.S. Constitution.  *See Garrity v. State of N.J.*, 385 U.S. 493, 500 (1967) (government employer cannot threaten removal from employment for failure to offer incriminating statement).

[4] The Attorney General has accepted the applicability of the admonishments on the face of the document as uncontroverted.  But if the City now asserts one of the admonishments to which it required assent was superfluous boilerplate, it brings into question the effectiveness of the remaining admonishments it wishes to use to support its arguments.  *See* Appellant's Br. at 19.

[5] Although the second administrative statement at issue does not contain this part of the admonishment, it nonetheless clearly states the employee is free to share the statement with his own counsel.  Def.'s Ex. C at 24.

16

questioned in order that the corporation could obtain legal advice."). Here the situation is far more analogous to a suspect offering a voluntary statement to an investigator.

As noted above, the City views the OIG as a sort of "law enforcement" entity. C.R. 10. The OIG has the discretion to turn over findings to the City police department or the Harris County District Attorney—a fact surely not lost upon an employee suspected of misconduct.[6] *See* C.R. 15. The admonishment page each employee affiant must sign identifies the attorney as an "OIG investigator," not as legal counsel for the City. Def.'s Ex. C at 8. And far from offering the employee a feeling that a statement can be made "without fear" the communication will be disclosed by the investigator "in any legal proceeding,"[7] the employee is threatened with criminal perjury for failing to testify truthfully. *Id.* In short, the record is bereft of any proof that the employees whose actions were being investigated by the OIG had any reason to believe they were offering—as a condition of employment—a confidential, privileged statement to an attorney for the purposes of effectuating legal representation for the City.[8]

---

[6] Indeed, the threat of OIG investigators turning their findings over to City police department or local district attorney makes this claim even more nonsensical. At that point the City would be insisting it maintained statements privileged amongst both criminal investigators on one hand and the criminal suspects' attorneys on the other.

[7] *West v. Solito*, 563 S.W.2d at 245.

[8] Furthermore, the executive order establishing the OIG—as well as the City's own description of the OIG as a "law enforcement" entity—raises a question as to whether the OIG conducts

17

"The burden of proof to establish the existence of a privilege rests on the one asserting it." *Jordan v. Ct. of Appeals for the Fourth Supreme Judicial Dist.*, 701 S.W.2d 644, 648–49 (Tex. 1985). Exceptions to the disclosure requirement of the PIA are to be narrowly construed. *Tex. State Bd. of Chiropractic Exam'rs*, 391 S.W.3d at 347. The City has failed to demonstrate the sworn administrative statements in question are protected by the attorney-client privilege. The Court should reject the City's arguments and affirm the judgment of the trial court.

## II. THE CITY MAY NOT WITHHOLD THE REQUESTED ADMINISTRATIVE STATEMENTS PURSUANT TO THE ATTORNEY-CLIENT PRIVILEGE AND THIS COURT'S HOLDING IN *HARLANDALE* SIMPLY BECAUSE THE STATEMENTS WERE ATTACHED TO AN ATTORNEY-CLIENT PRIVILEGED REPORT.

Barring a finding by the Court that the administrative statements at issue are independently protected under Rule 503, the City alternatively insists such statements would nonetheless be protected pursuant to this Court's decision in *Harlandale Independent School District v. Cornyn*, 25 S.W.3d 328 (Tex. App.—Austin 2000, pet. denied). Appellant's Br. at 13–14. But the City's reading of *Harlandale* would allow for a governmental body to withhold nearly any record

---

investigations primarily for the purpose of rendering legal advice to the City versus simply acting as an independent investigator that is not compelled to maintain privity with the City and in fact is free to turn over its findings to outside entities such as the Harris County District Attorney, at its own discretion. The executive order seems to indicate it is in fact the OIG that determines what information may be divulged, and to whom, rather than the City as "client" making such decisions. C.R. 14–18.

otherwise subject to required public disclosure under the PIA simply by attaching the record to a privileged attorney report.

**A. The Court's holding in *Harlandale* applies when an attorney-client privileged report is requested in its entirety.**

Prior to *Harlandale*, the Attorney General found that factual information compiled by an attorney acting as an investigator for a governmental body was not protected as attorney-client privileged for purposes of the PIA. *Harlandale*, 25 S.W.3d at 330. Accordingly, when a governmental body received a request for a final investigative report compiled by an attorney acting as investigator on behalf of a governmental body, the Attorney General found the government may withhold only those portions of the requested report consisting of legal advice or opinions. *Id*. In *Harlandale*, the plaintiff school district hired an outside attorney to investigate a grievance filed by an employee arising out of a sexual harassment investigation. *Id*. at 329–30. In hiring the outside attorney, the district sought an analysis of the "legal liabilities and consequences facing the School District and the Board of Trustees." *Id*. at 330. The district subsequently received a PIA request for the "written report and the exhibits attached to the report." *Id*. The trial court agreed with the Attorney General that only those portions of the report consisting of legal advice and opinion were excepted from required public disclosure. *Id*. at 330–31. The district appealed from the Attorney General's letter

ruling and the judgment of the trial court, arguing the entire report was protected by privilege. *Id*. at 331.

This Court reversed the trial court's judgment, concluding "Harlandale proved as a matter of law that an exception to disclosure applies to [the attorney's] entire report." *Id*. at 333. The Court reasoned that because the school district retained counsel to "conduct an investigation in her capacity as an attorney" and because she was hired to deliver a "legal opinion based upon an investigation of relevant facts," the attorney-client privilege excepted the entire report from disclosure and "not just the portions designated as her legal analysis and recommendations." *Id*. at 333–34.

**B.**  **The instant case is distinguishable from *Harlandale* and other cases cited by the City because the administrative statements at issue were specifically requested and were never cloaked by privilege.**

The Attorney General agrees the entirety of the report would be excepted from disclosure if requested under the PIA, in accordance with *Harlandale*. But here, in addition to seeking the underlying investigative report, the requestor specifically and individually requested the statements of the individuals who were the subjects of the OIG's investigation. C.R. 6. Because these statements were gathered during the course of the OIG investigation prior to the creation of the OIG final investigative report—and were specifically and individually requested—the

20

Attorney General asserts the City must release the administrative statements because they are not independently excepted from required public disclosure under the PIA.[9]

The City claims the Attorney General is attempting to utilize the "piecemeal" approach rejected by *Harlandale*. Appellant's Br. at 13–14. But the instant case is distinguishable from the facts of *Harlandale* because here the statements were specifically and individually requested, and the statements exist separate and apart from the OIG's final report to which they were later attached, as opposed to *Harlandale* where only the report and unspecified exhibits were requested. C.R. 6; 25 S.W.3d at 330. And as demonstrated above, these records document non-privileged statements, not otherwise excepted from disclosure under the PIA. The request happened to seek the statements after they were attached to the report. The timing of a request cannot be determinative of the confidentiality of information about the affairs of government. Tex. Gov't Code § 552.001(a) (declaring the policy of Texas that "each person is entitled, unless otherwise expressly provided by law, at all times to complete information about the affairs of government").

---

[9] This treatment is similar to how the Supreme Court has approached a request for a prosecutor's litigation file. While particular items contained within the file, such as a completed police report, may be subject to required disclosure under the PIA when specifically requested, a request for the *entire* litigation file will generally be viewed as "too broad" because disclosing the organization of the entire file necessarily reveals the attorney's thought processes. *See State ex rel. Curry v. Walker*, 873 S.W.2d 379, 380 (Tex. 1994).

21

Moreover, the gathering of the communications at issue in the instant case is distinguishable from the circumstances of the cases cited by the Court in *Harlandale*. *In re Allen* concerned *privileged* communications and interviews collected by an attorney-investigator during the course of an internal investigation. *Better Gov't Bureau v. McGraw (In re Allen)*, 106 F.3d 582, 605 (4th Cir. W. Va. 1997) ("Therefore, the attorney-client privilege protects all communications between Allen and the attorneys in the Attorney General's Office that occurred in connection with her investigation."). Similarly, in *Upjohn*—the case upon which the decision in *In re Allen* was based—the attorney-investigator's communications with company employees were found to be privileged because the employees were acting in the scope of their employment, were aware they were aiding in the rendition of legal services to their employer, and the company expressed an intention for the communications to remain confidential. 449 U.S. at 394. But as argued above, the communications at issue in this suit were *never* cloaked by privilege because the suspect-employees being questioned were told they could share the statements with non-privileged parties and because they were not acting as a "representative of the client" or otherwise required to make the statement in the course of employment with the City. The Attorney General urges the Court to reject the City's expansion of *Harlandale*.

**C.** **The expansive reading of *Harlandale* proposed by the City would threaten public access to information about the official acts of public employees.**

The perils of adopting the City's expansive reading of the Court's decision are obvious. If *Harlandale* intended to protect as attorney-client privileged any singular government record—specifically sought by a PIA requestor and not independently subject to an explicit exception from disclosure—by virtue of the fact that the record was appended as an attachment to a final investigation into alleged government employee misconduct, then a massive loophole would exist by which government could shut down public access to any factual information it so desired simply by seeking legal advice from counsel and including such information as an attachment to the attorney's investigative report. The threat to the public's access to government information becomes even greater in situations such as here, where one arm of the City is ostensibly providing "legal advice" to another while also conducting an investigation into alleged government employee malfeasance that may involve criminal violations of law.

As noted above, exceptions to the disclosure requirement of the PIA are to be narrowly construed. *Tex. State Bd. of Chiropractic Exam'rs v. Abbott*, 391 S.W.3d at 347. And the City bears the burden of establishing an exception to public disclosure applies to the requested information. *See Thomas v. Cornyn*, 71 S.W.3d at 480–81. Moreover, investigations into the acts of public officials go to

the primary purpose of liberal disclosure under the PIA. "[E]ach person is entitled . . . to complete information about the affairs of government and the official acts of public officials and employees . . . . The people insist on remaining informed so that they may retain control over the instrument they have created." Tex. Gov't Code § 552.001. While *Harlandale* does not require the City to identify for public release those discrete portions of the final investigative report that are purely factual in nature when the entire report is sought under the PIA, it does not follow that any independently-requested item of factual and not otherwise privileged information is excepted from required public disclosure simply because that item was later appended to a privileged report.[10] The Attorney General urges the Court to reject the City's argument and affirm the judgment of the trial court.

## CONCLUSION AND PRAYER

The Attorney General respectfully asks the Court to affirm the judgment of the trial court.

---

[10] The City insists the administrative statements at issue should be protected by privilege because the requestor can seek out the information from the affiants directly. This assurance is directly contradicted by the City's own summary judgment evidence below. C.R. 77 (City employee who shares statement or discusses investigation commits misconduct). Moreover, the PIA does not allow for the withholding of public records simply by virtue of the fact that the information contained within such records might also be obtained through hiring legal counsel and procuring a subpoena. Tex. Gov't Code § 552.006 (PIA does not authorize withholding of public information or limit availability of public information to public except as expressly provided).

24

Respectfully Submitted,

KEN PAXTON
Attorney General of Texas

CHARLES E. ROY
First Assistant Attorney General

JAMES E. DAVIS
Deputy Attorney General for Civil
Litigation

DAVID A. TALBOT, JR.
Chief, Administrative Law Division

KIMBERLY L. FUCHS
Chief, Open Records Litigation

*/s/ Matthew R. Entsminger*
MATTHEW R. ENTSMINGER
State Bar No. 24059723
Assistant Attorney General
Open Records Litigation
Administrative Law Division
Office of the Attorney General of Texas
P.O. Box 12548, Capitol Station
Austin, Texas  78711-2548
Telephone:  (512) 475-4151
Facsimile:   (512) 320-0167
matthew.entsminger@texasattorneygeneral.gov

ATTORNEYS FOR APPELLEE KEN PAXTON,
ATTORNEY GENERAL OF TEXAS

25

**CERTIFICATE OF COMPLIANCE**

I certify that the Brief of Appellee Ken Paxton, Attorney General of Texas, submitted complies with Rule 9 of the Texas Rules of Appellate Procedure and the word count of this document is 5,048. The word processing software used to prepare this filing and calculate the word count of the document is Microsoft Word 2013.

Date: August 20, 2015

*/s/ Matthew R. Entsminger*
MATTHEW R. ENTSMINGER
Attorney for Appellee

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Brief of Appellee Ken Paxton, Attorney General of Texas, has been served on August 20, 2015, on the following counsel-of-record via e-service and e-mail:

Mary E. ("Mary Beth") Stevenson
State Bar No. 24072366
Assistant City Attorney
City of Houston Legal Department
900 Bagby, 4th Floor
Houston, Texas 77002
Telephone:   (832) 393-6491
Facsimile:    (832) 393-6259
marybeth.stevenson@houstontx.gov

ATTORNEY FOR APPELLANT

/s/ Matthew R. Entsminger
MATTHEW R. ENTSMINGER
Attorney for Appellee