COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | § | No. 08-24-00214-CV |
|---|---|---|
| IN RE: | | |
| | § | |
| KVIA–CHANNEL 7, | | AN ORIGINAL PROCEEDING |
| | § | |
| Relator. | | IN MANDAMUS |
| | § | |
| | § | |

## MEMORANDUM OPINION

KVIA–Channel 7—an El Paso, Texas media outlet—petitions this Court for mandamus relief following a trial court's failure to quash a Grand Jury subpoena *duces tecum*. KVIA asserts the subpoena compels its production of items specifically protected by the First Amendment and by Texas' qualified journalist's privilege. One of its central arguments is that the subpoena was drafted too broadly—that is, it objects to the *form* of the subpoena. The State has alerted us that the subpoena has expired, but that a new Grand Jury would be empanelled to review the same incident and issue its own subpoena. For that reason, the State urges that we decide the mandamus, even though the subpoena has expired. We decline that invitation. Even if a new subpoena is issued, we have no assurance it would be identical in form and would raise the same overbreadth issues challenged here. Accordingly, we dismiss the petition as moot.

# I. BACKGROUND

KVIA was among several El Paso County media outlets that conducted an interview with a parent whose minor child drowned at a local amusement park.[1] KVIA later televised an edited version of that interview. A Grand Jury was convened under the supervision of the Honorable William E. Moody, Judge of El Paso County's 34th Judicial District Court, to determine whether the parent should be indicted on criminal charges stemming from the drowning.

On January 26, 2024, the Grand Jury issued a subpoena *duces tecum to* KVIA, compelling production of its "Entire unedited story/interviews involving [the incident]." The subpoena instructed KVIA to appear with the subpoenaed materials before the grand jury on February 29, 2024.

KVIA moved to quash the subpoena. The parties argued the motion to quash before Judge Moody on June 21, 2024 in a hearing where no record was taken. At the end of the hearing, the court instructed KVIA and the State to submit briefs outlining their respective arguments. Following that briefing, Judge Moody denied KVIA's motion and instructed it in a June 26, 2024 order to produce the subpoenaed materials within twenty-four hours.

KVIA then petitioned for mandamus. The State filed a response that notified this Court that the Grand Jury term and thus the subpoena had expired. The State clarified, however, that it intends to issue another subpoena to KVIA during the next grand jury term.

---

[1] These factual recitations are taken largely from the petition and the response and are set out here only to frame the dispute. We decline to provide more details about the underlying incident to protect the privacy of the family and to comply with the statutory directive that all grand jury subpoenas must be kept secret to prevent the unauthorized disclosure of matters pending before the grand jury. *See* Tex. Code Crim Proc. art. 20A.202.

## II. ISSUES PRESENTED

KVIA presents two issues in this original proceeding. It first contends the trial court abused its discretion because it failed to properly apply the correct legal principles in denying KVIA's motion to quash. Because that alleged failure means KVIA must comply with the subpoena by producing what it contends are privileged materials, KVIA argues that no adequate remedy at law will cure the disclosure.

KVIA next asserts the subpoena should have been quashed because its overbreadth compels the production of items protected by: (1) the qualified "freedom of the press" privilege rooted in the First Amendment of the U.S. Constitution; and (2) the qualified journalist's privilege codified in the Texas Code of Criminal Procedure.[2] *See* Tex. Code Crim. Proc. art. 38.11, §§ 1, 3. KVIA contends the court incorrectly determined that the State had met its statutory burden of proof under the factors allowing the production of otherwise privileged materials in limited circumstances.

In response, the State contends KVIA's failure to produce a record of the hearing below necessarily means KVIA cannot establish its entitlement to mandamus relief as a matter of law.[3]

---

[2] Article 38.11 of the Texas Code of Criminal Procedure defines the types of information which persons/entities qualifying as a "journalist," a "communication service provider," or a "news medium" may claim as "privileged" and, therefore, properly excluded from disclosure or production. *See* Tex. Code Crim. Proc. art. 38.11. The statute also describes the burden an opponent must meet and the factors a trial court must consider before compelling the disclosure/production of unpublished, non-confidential information or items. *See* Tex. Code Crim. Proc. art. 38.11, § 5; *see also Brooks v. State*, 08-15-00208-CR, 2017 WL 6350260, at \*10–12 (Tex. App.—El Paso December 13, 2017) (mem. op., not designated for publication.) (discussing the art. 38.11, § 5 factors and affirming trial court decision that *48 Hours* outtakes related to criminal case were protected by Texas' qualified journalist "shield").

[3] *See* Tex. R. App. P. 52.7(a)(2) ("Relator must file with the petition: a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained."). As the party seeking relief, KVIA bears the burden of providing this Court with a sufficient record to establish their right to mandamus relief. *See Walker v. Packer*, 827 S.W.2d 833, 837 (Tex. 1992) (stating, "having failed to meet this burden [of providing a record of the evidentiary hearing below], the [relators] have not provided us with a record upon which they can establish the right to mandamus relief . . . "). *Cf., Weisel Enterprises, Inc. v. Curry*, 718 S.W.2d 56, 58 (Tex. 1986) (discussing a relator's basis for

Without a record, the State argues this Court cannot determine precisely how the trial court allegedly abused its discretion when considering evidence on each of the Article 38.11 factors before compelling KVIA to produce the materials. *See* Tex. Code Crim. Proc. art. 38.11, § 5. According to the State, the absence of a record signals this Court must presume the trial court properly exercised its discretion in considering each factor (as outlined in the Order) before denying KVIA's motion. *See* Tex. Code Crim. Proc. art. 38.11, § 5(b).

## III. DISCUSSION

### A. Standards for issuing mandamus relief.

An appellate court may issue a writ of mandamus only if the trial court abused its discretion and there is no other adequate remedy at law. *In re Christianson Air Conditioning & Plumbing, LLC*, 639 S.W.3d 671, 681 (Tex. 2022); *Walker v. Packer*, 827 S.W.2d 833, 839–40 (Tex. 1992). A trial court abuses its discretion if "it reaches a decision so arbitrary and unreasonable as to amount to a clear and prejudicial error of law." *See Walker*, 827 S.W.2d at 839. A trial court has no "discretion" in determining what the law is or applying the law to the facts. *Id* at 840. Moreover, a clear failure by a trial court to analyze or correctly apply the law will amount to an abuse of discretion, possibly resulting in an appellate reversal by extraordinary writ. *Id*. (citing *Joachim v. Chambers*, 815 S.W.2d 234, 240 (Tex. 1991)); *see also State ex rel. Curry v. Walker*, 873 S.W.2d 379, 380 (Tex. 1994) (orig. proceeding) (per curiam) (granting mandamus relief where trial court

protection: "When, however, the claim for protection is based on a specific privilege, . . . the documents themselves may constitute the only evidence substantiating the claim.")

failed to quash "any and all" subpoena *duces tecum*, which essentially compelled production of district's attorney's entire litigation file).

The requirement that persons seeking mandamus relief establish the lack of an adequate appellate remedy is a "fundamental tenet" of mandamus practice. *Walker*, 827 S.W.2d at 840 (citing *Holloway v. Fifth Court of Appeals*, 767 S.W.2d 680, 684 (Tex. 1989)). The writ issues "only in situations involving manifest and urgent necessity; [it is] not for grievances that may be addressed by other remedies." *Id.*; *see also National Union Fire Ins. of Pittsburgh, PA v. Valdez*, 863 S.W.2d 458, 462 (Tex. 1993) (conditionally granting mandamus relief where trial court compelled production under overbroad discovery request for "attorney's files").

## B. The Grand Jury Subpoena.

The Texas Code of Criminal Procedure governs the organization and duties of a grand jury. *See* Tex. Code Crim. Proc. arts. 19A.001–20A.304. Once empaneled, the grand jury must inquire into all offenses subject to indictment, or those about which they are informed by the state's attorney or by another credible person. *See* Tex. Code Crim. Proc. art. 20A.051. To assist its investigation of a particular accusation, the grand jury may compel the production of evidence as appropriate. *See State v. Huse*, 491 S.W.3d 833, 844 (Tex. Crim. App. 2016). Specifically, the grand jury can subpoena witnesses or materials from individuals or entities in the state. *See* Tex. Code Crim. Proc. art. 20A.252(c). Once the testimony and evidence (to which the grand jury has access) has been considered, the grand jury is required to vote on the presentment of an indictment. *See* Tex. Code Crim. Proc. art. 20A.301. And once the term of the grand jury expires, the obligation to respond to one of its subpoenas also expires. *See Ex parte Wynne*, 772 S.W.2d 132, 134 (Tex. Crim. App. 1989) (en banc) (holding once grand jury term expired, witness could no longer be held in contempt for refusing to testify).

5

### C. The mootness problem

"A case becomes moot when (1) a justiciable controversy no longer exists between the parties, (2) the parties no longer have a legally cognizable interest in the case's outcome, (3) the court can no longer grant the requested relief or otherwise affect the parties' rights or interests, or (4) any decision would constitute an impermissible advisory opinion." *Electric Reliability Council of Texas, Inc. v. Panda Power Generation Infrastructure Fund, LLC*, 619 S.W.3d 628, 634–35 (Tex. 2021). If a controversy ceases to exist at any stage of the proceedings, the issues presented are no longer "live" and the case becomes moot, thereby depriving a court of subject matter jurisdiction. *Williams v. Lara*, 52 S.W.3d 171, 184 (Tex. 2001) ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects.") (citation omitted).

Mootness deprives a court of subject-matter jurisdiction. *Univ. of Texas Med. Branch at Galveston v. Estate of Blackmon*, 195 S.W.3d 98, 100-01 (Tex. 2006) (per curiam); *Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999); *Dominguez v. Dominguez*, 583 S.W.3d 365, 370 (Tex. App.—El Paso 2019, pet. denied) ("The mootness doctrine implicates a court's subject matter jurisdiction, and such jurisdiction is essential to a court's power to decide a case."); *see also Patterson v. Planned Parenthood of Houston and Southeast Texas, Inc.*, 971 S.W.2d 439, 442 (Tex. 1998) (justiciability doctrines such as ripeness, as well as standing and mootness, lie in prohibiting advisory opinions, which in turn stem from the separation of powers doctrine set forth in Article 2, Section 1 of the Texas Constitution).

Because the subpoena has expired, there is no longer a justiciable controversy between the parties. Despite the expiration of the subpoena, the State requests that this Court not dismiss KVIA's petition. Citing *In re Wright*, the State contends our dismissal of the petition would leave

the issues raised by KVIA unresolved, as the State intends to re-subpoena "the same records" during the grand jury's next term. *See In re Wright*, 01-03-00553-CV, 2003 WL 21512667, at *1 (Tex. App.—Houston [1st Dist.] June 27, 2003, no pet.) (mem. op., not designated for publication) (declining to dismiss petition for mandamus relief over expired subpoena based on State's intent to re-issue subpoena seeking "same" medical records). In other words, the State invokes one of those rare circumstances where the capable-of-repetition-yet-evading-review or public interest exceptions should apply. *See City of Georgetown v. Putnam*, 646 S.W.3d 61, 73 (Tex. App.—El Paso 2022, pet. denied) (explaining exceptions).

We disagree, principally because we have no assurance that any future subpoena would seek "the same records" using the same language that KVIA claims is problematic here. The grand jury subpoena instructed KVIA to produce the "Entire unedited story/interviews involving [the incident]." Responding to KVIA's claim that the subpoena is overbroad and seeks privileged material, the State asserts that the subpoena was limited to KVIA's production of "unpublished non-confidential information," and never sought "confidential source" information from KVIA (limiting phrases which are nowhere in the subpoena). In other words, to reach the merits of KVIA's other arguments, we would need to assume limitations that were not in the wording of the original subpoena. We think it more prudent to allow the State to expressly add whatever limiting language it deems necessary (to answer the overbreadth complaint) if a new grand jury relooks at this case and if it issues a new subpoena.

We are also guided by an analogous case decided by the Texas Court of Criminal Appeals. *In re Pick*, 664 S.W.3d 200, 201 (Tex. Crim. App. 2022). In that matter, a Texas resident was subpoenaed by a Georgia special grand jury to appear and give testimony in Georgia. *Id*. A Texas court then issued an order for a show cause hearing, that would ultimately require the Texas

resident to appear in Georgia. The procedure was purportedly allowed by an interstate agreement. *Id*. The Texas resident instituted a mandamus challenging the procedure. The Texas Court of Criminal Appeals never decided the merits of that challenge because it received notice that the subpoena had expired. *Id*. The Court determined the underlying legal arguments became moot upon the expiration of the subpoena. *Id.* at 200. Judge Newell explained the reasoning in a concurring opinion:

> Because the case is moot, readers should understand that this Court is left with no order to review. Relator effectively has the relief she sought. Considering and deciding Relator's arguments in anticipation of future filings would amount to an advisory opinion from this Court, which we are without constitutional or statutory authority to render. Further, readers should remember that there are many good reasons for judges not to weigh in on the merits of Relator's claims when there is no effective court order to review. For example, silence regarding the merits of Relator's arguments avoids providing new arguments to one party over another that might give that party an edge in future filings. It also avoids virtue signaling to the parties [about] how a judge or judges might rule on the merits of Relator's claim should they come up again. Any non-response to Relator's arguments should be taken for what it is, a judicious decision to refrain from pre-judging a particularly sensitive case, not an implied rejection of the underlying merits of Relator's claims.

*Id*. at 208–09 (Newell, J., concurring).

Judge Newell's comments are appropriate here. Despite the State's assurances, we cannot continue to consider a case in which there is no justiciable controversy. The expiration of the subpoena renders KVIA's petition moot. Whether the State seeks to compel these materials from KVIA again under another grand jury subpoena "is for another day and time." *See In re Pick*, 664 S.W.3d at 202 (Richardson, J., concurring).

## IV. CONCLUSION

Accordingly, because the Grand Jury's term has expired and it has no statutory authority to compel the production of materials, privileged or otherwise, KVIA's Petition for Mandamus Relief is rendered moot and is dismissed for that reason alone.


JEFF ALLEY, Chief Justice


August 19, 2024

Before Alley, C.J., Palafox, and Soto, JJ.